CARTER, Judge.
This matter is before the court on defendant-appellee’s motion to dismiss the appeal on the grounds that plaintiff-appellant failed to pay the transcript costs.
Plaintiff, Jerry Williamson, instituted this action against Petrounited Terminals, Inc., seeking damages for psychological trauma he allegedly experienced as a result of witnessing the accident of a fellow employee who became a “ball of fire” when a tank that was being cleaned exploded. Judgment was rendered in favor of defendant, Petrounited Terminals, Inc., dismissing plaintiff’s action with prejudice on November 25, 1985. Thereafter, plaintiff filed a petition for appeal stating he desired to “appeal devolutively ... in forma pauper-is.” Although the petition for appeal alleged plaintiff desired to appeal as a pauper, there is nothing in the record to indicate plaintiff petitioned for pauper status pursuant to LSA-C.C.P. art. 5181 et seq.[1]
On May 21,1987, Petrounited filed in the trial court an “Ex Parte Motion For Dismissal Of Appeal On The Grounds Of Abandonment.” In support of its motion, Petrounited argued plaintiff failed to pay the estimated appeal costs of $2,000.00, and, therefore, the appeal should be dismissed as abandoned. On May 21, 1987, the trial court granted Petrounited’s motion and dismissed plaintiff’s appeal with prejudice on grounds of abandonment. Thereafter, on October 22, 1987, Petrounit-ed filed with this court a second motion to dismiss plaintiff’s appeal.
Louisiana Code of Civil Procedure article 2126 provides in part:
E. If the appellant fails to pay the estimated costs, ... the trial judge, on his own motion or upon motion by the clerk or by any party, and after a hearing, shall:
(1) Enter a formal order of dismissal on the grounds of abandonment; or
*668 (2) Grant a ten day period within which costs must be paid in full, in default of which the appeal is dismissed as abandoned.
Accordingly, Petrounited’s first motion to dismiss, filed on May 21,1987, was properly directed to the trial court. See Succession of Stafford, 424 So.2d 1244 (La.App. 1st Cir.1982); Barre v. Barre, 389 So.2d 918 (La.App. 4th Cir.1980); Smith v. Delta Food Mart, 364 So.2d 665 (La.App. 4th Cir.1978). Plaintiff’s appeal was dismissed by the trial court pursuant to LSA-C.C.P. art. 2126. Consequently, there is no appeal pending before this court, and we are without jurisdiction to consider this matter.[2]
APPEAL DISMISSED.

. The record was lodged with this court on January 21, 1986, and did not contain a transcript of the trial proceedings. We note that records are not normally lodged with this court without a transcript.

. The dismissal of an appeal by the trial court is a final judgment and can be appealed. Gray v. Blanche, 477 So.2d 189 (La.App. 3rd Cir.1985). Plaintiff did not take an appeal from the trial court's dismissal of his appeal within the allowable sixty (60) day delay. Although the appeal was dismissed by the trial court, the record remains lodged with this court and in accordance with that judgment the record will be removed and returned to the trial court.