583 So.2d 162 (1991)
Claudia O. WARE, et al., Plaintiffs-Appellants,
v.
Rochella M. DUPLECHAIN, et al., Defendants-Appellees.
No. 91-234.
Court of Appeal of Louisiana, Third Circuit.
July 25, 1991.
*163 Alfred Ryder, Oberlina, for plaintiffs-appellants.
Chuck West, Mamou, for defendant-appellee Perkins.
John E. Demoruelle, Kinder, for defendant-appellee Duplechain.
Preston D. Cloyd, Gretchen Heider, Lafayette, Henry Yoes, III, Lake Charles, for defendant-appellee La. Ins. Guar. Ass'n.
Before LABORDE, YELVERTON and KNOLL, JJ.

MOTION TO DISMISS
YELVERTON, Judge.
Defendants-appellees, Rochella Duplechain and Louisiana Insurance Guaranty Association, move to dismiss the lodged appeal of plaintiffs-appellants for failing to pay timely the estimated costs of the preparation of the record on appeal as required by La.Code Civ.Proc. art. 2126.
A final judgment in the instant suit was signed by the trial court on June 14, 1990. A motion for a devolutive appeal was filed, and an order granting said appeal was signed on June 18, 1990. Listed as plaintiffs-appellants were Claudia O. Ware, Larry Steve Ware, Ronnie Edward Ware, Darlene Ware Mitchell, Eddie W. Ware, and Don Lee Ware. The return date set by the trial court was forty-five (45) days from the date estimated costs would be paid.
On October 19, 1990, appellees filed a Motion and Order to Dismiss Appeal in the trial court. This pleading contained the assertion that appellants had been informed by certified mail on June 19, 1990, of the amount of the estimated cots for the preparation of the record on appeal. Appellees sought to have the trial court dismiss appellants' appeal for failing to pay these estimated costs within twenty (20) days of this notification as provided in La. C.C.P. art. 2126.
Appellants opposed the motion to dismiss the appeal through a Motion to Set Aside "Motion to Dismiss Appeal" filed on October 31, 1990. On this same date appellants Claudia O. Ware, Larry Steve Ware, and Darlene Ware Mitchell filed a Motion to Proceed on Appeal in Forma Paupris (SIC). Subsequently, the hearing on the motion to dismiss originally scheduled for November 2, 1990, was rescheduled, and the above mentioned motions were heard on December 14, 1990. This suit had been consolidated by the trial court with certain other suits; therefore, other parties to these consolidated actions joined with appellees herein in the trial court seeking the dismissal of the appellants' appeal.
The trial court rendered its Opinion on these motions on December 18, 1990. The trial court granted the request of appellants Claudia O. Ware, Larry Steve Ware, and Darlene Ware Mitchell to proceed in their appeal in forma pauperis. While finding that the request was late, the court held that the appeal should be maintained due to the law of this state which favors the sustaining of appeals "absent a clear showing of a legal ground for dismissal." (Citation omitted.) However, pointing to the failure of appellants Ronnie Edward Ware, Eddie W. Ware, and Don Lee Ware either to pay the estimated costs or to move to proceed in forma pauperis on appeal, the trial court dismissed the appeal of these appellants. Accordingly, these appellants no longer have an appeal pending in this court, and this court is without jurisdiction to decide the instant motion to dismiss as to these appellants. See, Williamson v. Serv Tech Specialists of Baton *164 Rouge, Inc., 521 So.2d 666 (La.App. 1st Cir.1988).
Appellees now move to have this court dismiss the appellants' appeal for failing to pay timely the estimated costs for the preparation of the record on appeal. The dismissal of an appeal for irregularities is controlled by La.Code Civ.Proc. art. 2161, which states:
An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.
Appellants Claudia O. Ware, Larry Steve Ware, and Darlene Ware Mitchell were granted pauper status on December 18, 1990, which released them from the necessity of paying the estimated costs. Thus, under the order granting the appeal, the return day was forty-five days from this day or February 1, 1991. The record was lodged in this court on March 8, 1991; thus, appellees had until March 13, 1991, to file the instant motion to dismiss. Appellees' motion having been filed on May 10, 1991, is untimely and is hereby dismissed.
In addition to the untimely nature of appellees' motion herein, we note that a motion to dismiss an appeal for failure to pay timely the estimated costs for the preparation of the record must be brought before the trial court. La.Code Civ.Proc. arts. 2088 and 2126 E, Succession of Stafford, 424 So.2d 1244 (La.App. 1st Cir.1982). As discussed above, appellees' motion to dismiss filed in the trial court was denied as to the appellants who were granted pauper status. Therefore, appellees' motion in this court is, in essence, an attempt by appellees to obtain a reversal of the trial court's ruling through an inappropriate procedural vehicle.
Costs of this motion in this court are assessed against appellees, Rochella Duplechain and Louisiana Insurance Guaranty Association.
MOTION DENIED.