838 So.2d 796 (2002)
Danny D. BEZET
v.
The ORIGINAL LIBRARY JOE'S, INC., Leeway Corporation d/b/a Slinky's, Spanish Moon, Inc., d/b/a the Bayou, Highland Coffees, Barco Enterprises, Inc., d/b/a the Chimes, River City Entertainment, Inc., d/b/a Varsity Theatre, Louie's Café, Inc., Tiger Town Associates, L.L.C., A, B, C, D, E, F, G, H as Unknown Liability Insurers of Defendants, Jason Christopher Lavigne, Four-by-Two Development, Inc., St. Paul Reinsurance, State Farm Insurance and Scottsdale Insurance.
Todd Moonshower
v.
The Original Library Joe's, Inc., Leeway Corporation d/b/a Slinky's, Spanish Moon, Inc., d/b/a the Bayou, Highland Coffees, Barco Enterprises, Inc. d/b/a the Chimes, River City Entertainment, Inc. d/b/a Varsity Theatre, Louie's Café, Inc., Tiger Town Associates, L.L.C., Four by Two Development, Inc., St. Paul Reinsurance, State Farm Insurance, Scottsdale Insurance, A, B, C, D, E as Unknown Liability Insurers of Defendants and Jason Christopher Lavigne.
No. 2001-CA-1586, 2001-CA-1587.
Court of Appeal of Louisiana, First Circuit.
November 8, 2002.
*797 Joseph Hecker, Karen LaCount, Baton Rouge, Chris Richard, Lafayette, for Plaintiff/Appellant, Danny D. Bezet.
A. Gregory Rome, Baton Rouge, Kent Mercier, Chris Richard, Lafayette, for Plaintiff/Appellant, Todd Moonshower.
Simon Dupre, S. Brian Perry, Lafayette, for Defendants, Spanish Moon, Inc. d/b/a The Bayou and David N. Crawford.
Stephen Emling, New Orleans, James Kokemor, Metairie, for Defendant, Scottsdale Insurance Company.
Carey Guglielmo, Baton Rouge, for Defendant, Louie's Café.
Frances Bo Rougeou, Baton Rouge, for Defendant, Jason Christopher Lavigne.
Diana L. Tonagel, Mandeville, for Defendant, St. Paul Reinsurance Company.
David J. Halpern, Zara Zerinque, Metairie, Maryann Graham Hoskins, Jefferson, for Defendants, R. Keever Realty, Inc. and Regina Keever.
Dominic Ovella, Laurence Larmann, David K Persons, Metairie, for Defendant/Appellee, Tiger Town Associates, L.L.C.
Robert Barton, A. Michael Dufilho, Baton Rouge, for Defendant/Appellee, Four by Two Development, Inc.
Amos Davis, Baton Rouge, for Defendant, Cadex, Inc. d/b/a Highland Coffees.
Keith P. Richards, Baton Rouge, for Defendants, F.W.D., Inc. and Frank W. Duvic.
James L. Trinchard, New Orleans, for Defendant, Peter LoSavio, Jr.
Before: WHIPPLE, FOGG and GUIDRY, JJ.
WHIPPLE, J.
Plaintiffs, Danny D. Bezet and Todd Moonshower, appeal from the judgment of the trial court, granting the motions for summary judgment filed by Four by Two Development, Inc. ("Four by Two Development") and Tiger Town Associates, L.L.C. ("Tiger Town Associates"), and dismissing plaintiffs' claims against these defendants with prejudice. For the following reasons, we affirm.

*798 FACTS AND PROCEDURAL HISTORY
The suit arises from an action for damages for injuries received by plaintiffs when they were attacked and stabbed in an alleyway and parking lot area located in the proximity of several businesses in Baton Rouge. The facts giving rise to this suit were set forth in this court's prior opinion in Bezet v. Original Library Joe's, Inc., 98-1467, 98-1468, pp. 5-6 (La.App. 1st Cir.6/25/99), 747 So.2d 77, 80-81, writ denied, 99-2836 (La.12/17/99), 751 So.2d 879, as follows:
On April 20, 1996, plaintiffs, Todd Moonshower and Danny Bezet, spent the evening socializing at a friend's house in Baton Rouge, Louisiana. Shortly after midnight, on April 21, 1996, Moonshower, Bezet and a few of their friends decided to "go out" in an area of town just north of the gates of Louisiana State University at Highland Road. This area has several drinking establishments in an approximate two block area.
When the party arrived in the vicinity, plaintiffs and their friends parked their automobile in a parking lot situated in the block between West Chimes Street and West State Street near Highland Road. Bezet, Moonshower and their friends walked to Slinky's, an area bar on West Chimes Street. Moonshower stayed at Slinky's until near closing time. Bezet also went to The Bayou, another area bar on West Chimes Street, at some point in the course of the evening, where he stayed for a short time.
At approximately 1:45 a.m., plaintiffs and their friends decided to leave and began walking back to their automobile parked in the lot located off West State Street. They returned to their vehicle the way that they had come, through an alleyway connecting Chimes Street and the lot where their vehicle was parked. The alleyway ran between two buildings. One building houses The Bayou and was owned by the Losavio Trust; the other building was vacant at the time and owned by Four By Two [Development].
As they walked through the alleyway towards the lot, plaintiffs were physically attacked and beaten by an unidentified group of men who had been standing in the alleyway. The attack began in an area near the end of the alleyway across from The Bayou, closest to the rear corner of the vacant building, and proceeded into the parking lot. Both Moonshower and Bezet were ultimately stabbed and seriously injured by [Jason] Lavigne, in an area in the parking lot. Although initially charged with two counts of attempted murder, Lavigne later pleaded guilty to two counts of aggravated battery.
In addition to naming as defendants their attacker, Jason Lavigne, and several, but not all, of the businesses operating in the vicinity of the parking lot, plaintiffs also named Four by Two Development and Tiger Town Associates, as the owners of the alleyway and parking lot area in which the attack occurred.[1]
Along with several of the businesses named as defendants, Four by Two Development and Tiger Town Associates filed motions for summary judgment, contending that they owed no duty to plaintiffs to prevent the attack upon them by third parties. In initially denying the motions for summary judgment filed by Four by *799 Two Development and Tiger Town Associates, the trial court stated that "there is at least one genuine issue of material fact, which is whether these owners could have `foreseen' that this private parking area and/or alleyway was unreasonabl[y] dangerous." Tiger Town Associates and Four by Two Development applied to this court for writs of certiorari and review, challenging the trial court's denial of their motions for summary judgment. The application for writs were denied. Bezet v. The Original Library Joe's, 98 CW 1264, 98 CW 1279 (La.App. 1st Cir.10/22/98).
Subsequently, after the Supreme Court rendered its decision in Posecai v. Wal-Mart Stores, Inc., 99-1222 (La.11/30/99), 752 So.2d 762, Four by Two Development and Tiger Town Associates re-urged their motions for summary judgment, contending that under the legal precepts enunciated in Posecai, they owed no duty to plaintiffs under the facts presented herein. Following a hearing on the motions, the trial court rendered judgment granting the motions for summary judgment and dismissing with prejudice plaintiffs' claims against Four by Two Development and Tiger Town Associates. From this judgment, plaintiffs appealed.
After the appeal of this matter had been lodged, this court determined that, despite the absence of a designation limiting the record plaintiffs wished this court to consider, the full record, and, more importantly, the exhibits relied upon by plaintiffs in opposition to the motions for summary judgment, were not included in the appellate record submitted for review. Accordingly, this court granted the parties a period in which to file a written designation if they chose to have this court consider only a limited record. In the event no limiting designation was filed, we ordered the district court to compile the complete record of the proceedings below within a specified period. Bezet v. The Original Library Joe's, Inc., XXXX-XXXX c/w XXXX-XXXX, p. 8 (La.App. 1st Cir.6/21/02), 835 So.2d 472, 476.
Thereafter, when plaintiffs did not timely pay the estimated costs to the district court, both Tiger Town Associates and Four by Two Development filed with this court motions to dismiss plaintiffs' appeal. In response to these motions, this court issued two show cause orders, ordering plaintiffs to show cause by briefs why their appeal should not be dismissed. Plaintiffs then paid the estimated costs and responded to this court with a request that their appeal be maintained. Because this court has not formally acted upon the motions to dismiss, we shall first address the pending motions before addressing the merits of the appeal.

MOTIONS TO DISMISS
Louisiana Code of Civil Procedure article 2126(E) provides that if an appellant fails to pay the estimated cost of the preparation of the record on appeal, the trial court, upon its own motion or upon motion by the clerk or any party, and after a hearing, shall either: (1) enter a formal order of dismissal on the grounds of abandonment; or (2) grant a ten-day period within which costs must be paid in full, in default of which the appeal is dismissed as abandoned.
A motion to dismiss an appeal for failure to timely pay estimated costs for the preparation of the record must be brought before the district court. LSA-C.C.P. arts. 2088 & 2126(E); Succession of Stafford, 424 So.2d 1244 (La.App. 1st Cir. 1982); Ware v. Duplechain, 583 So.2d 162, 164 (La.App. 3rd Cir.1991).
Accordingly, the motions to dismiss the appeal filed by Four by Two Development and Tiger Town Associates are denied. Succession of Stafford, 424 So.2d at 1244.

*800 SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full-scale trial, where there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1st Cir.6/20/97), 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. It should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action and is now favored. LSA-C.C.P. art. 966(A)(2). The initial burden continues to remain with the mover to show that no genuine issue of material fact exists. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense, then the nonmoving party must produce factual support sufficient to satisfy his evidentiary burden at trial. LSA-C.C.P. art. 966(C)(2). If the nonmoving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted. LSA-C.C.P. arts. 966 and 967; Berzas v. OXY USA, Inc., 29,835, pp. 7-9 (La.App. 2nd Cir.9/24/97), 699 So.2d 1149, 1153-1154.
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Sanders, 96-1751 at p. 7; 696 So.2d at 1035. Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Rambo v. Walker, 97-2371, p. 4 (La.App. 1st Cir.11/6/98), 722 So.2d 86, 88, writ denied, 98-3030 (La.1/29/99), 736 So.2d 840.

DUTY OF BUSINESS OWNERS TO PROTECT AGAINST CRIMINAL ATTACKS BY THIRD PARTIES
On appeal, plaintiffs aver that the trial court erred in granting the motions for summary judgment filed by Four by Two Development and Tiger Town Associates, where the evidence presented in opposition to the motions demonstrated that these property owners should have known of the long-standing pattern of criminal conduct on the premises where plaintiffs were attacked.
Louisiana courts have adopted a duty-risk analysis in determining whether to impose liability under LSA-C.C. art. 2315. In order for liability to attach under a duty-risk analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard of care (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of protection element); and (5) actual damages (the damage element). Pinsonneault v. Merchants & Farmers Bank & Trust Company, 2001-2217, p. 7 (La.4/3/02), 816 So.2d 270, 275-276.
The threshold question in any duty-risk analysis is whether the defendant owed a duty to the plaintiff. Posecai, 99-1222 at p. 4, 752 So.2d at 766. Whether a duty is owed is a question of law. Pinsonneault, 2001-2217 at p. 7, 816 So.2d *801 at 276. In Posecai, the Supreme Court held that while business owners generally have no duty to protect others from the criminal acts of third person, "they do have a duty to implement reasonable measures to protect their patrons from criminal acts when those acts are foreseeable." Posecai, 99-1222 at p. 5, 752 So.2d at 766. Noting that it had never squarely addressed the issue of whether business owners owe a duty to protect their patrons from crimes perpetrated by third parties, the Court held as follows:
We now join other states in adopting the rule that although business owners are not the insurers of their patrons' safety, they do have a duty to implement reasonable measures to protect their patrons from criminal acts when those acts are foreseeable. We emphasize, however, that there is generally no duty to protect others from the criminal activities of third persons. See Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364, 1371 (La.1984). This duty only arises under limited circumstances, when the criminal act in question was reasonably foreseeable to the owner of the business. Determining when a crime is foreseeable is therefore a critical inquiry.
Posecai, 99-1222 at pp. 5-6, 752 So.2d at 766 (emphasis added).
After reviewing various approaches utilized by other states to resolve the issue of foreseeability, the Court adopted a balancing test to determine whether a business owner owes a duty of care to protect its customers from the criminal acts of third parties, as follows:
The foreseeability of the crime risk on the defendant's property and the gravity of the risk determine the existence and the extent of the defendant's duty. The greater the foreseeability and gravity of the harm, the greater the duty of care that will be imposed on the business. A very high degree of foreseeability is required to give rise to a duty to post security guards, but a lower degree of foreseeability may support a duty to implement lesser security measures such as using surveillance cameras, installing improved lighting or fencing, or trimming shrubbery. The plaintiff has the burden of establishing the duty the defendant owed under the circumstances.
Posecai, 99-1222 at pp. 8-9, 752 So.2d at 768.
The foreseeability and gravity of the harm are to be determined by the facts and circumstances of the case. Posecai, 99-1222 at p. 9, 752 So.2d at 768. In determining foreseeability and gravity of the harm, the Court further directed as follows:
The most important factor to be considered is the existence, frequency and similarity of prior incidents of crime on the premises, but the location, nature and condition of the property should also be taken into account. It is highly unlikely that a crime risk will be sufficiently foreseeable for the imposition of a duty to provide security guards if there have not been previous instances of crime on the business' premises.
Posecai, 99-1222 at p. 9, 752 So.2d at 768.

DUTY OF FOUR BY TWO DEVELOPMENT AND TIGER TOWN ASSOCIATES TO PLAINTIFFS HEREIN
On appeal, plaintiffs contend that applying Posecai to the facts herein, a question of fact remains as to whether Four by Two Development and Tiger Town Associates owed a duty to implement reasonable measures to protect them from the harm they suffered in the attack by Lavigne, a third party. Specifically, they contend that the affidavits of record herein regarding ongoing criminal conduct and *802 arrests in the parking lot and surrounding area set forth a question of fact as to whether this attack was foreseeable, thereby imposing upon these defendants a duty to offer some level of protection.
The evidence relied upon by plaintiffs to establish the foreseeability of this attack includes a computerized printout from the Baton Rouge City Police Department, purporting to list all criminal reports and complaints within a three-block area of the attack.[2] This document contains references to hundreds of reports of various crimes within the three-year period preceding the attack at issue, including simple battery, aggravated battery, simple criminal damage to property, disorderly conduct and aggravated assault.
Additionally, plaintiffs rely upon the affidavit of Detective David Cantu with the East Baton Rouge Parish Sheriff's Department, who attested that in 1993 and 1994, when he performed a roving security patrol of the area encompassing West Chimes Street, West State Street and Highland Road, he made "many narcotics arrests" in the area in general and, in particular, in the alleyway and parking lot at issue. Likewise, Corporal Ray Offenbacher of the Baton Rouge Parish Police Department, who also performed security patrols of the area during 1993 and 1994, attested that this area was a "rough area." He further attested that the parking area at issue, which was being heavily used by patrons of nearby businesses that were open at that time of night, was "of particular concern" because of problems with groups of individuals congregating in the area.
However, despite this evidence of criminal activity in the vicinity of the attack upon plaintiffs, we note that the three lots in the Chimes Street area owned by Four by Two Development were all undeveloped or vacant at the time of the incident in question. Specifically, Four by Two Development owns Lot 12A of Campanile View Subdivision, which encompassed a portion of the alleyway where the attack allegedly began. Also located on this lot was a vacant building. The previous tenant of the building, Chimes Textbook Exchange, had terminated its lease on March 6, 1996, approximately one and one-half months prior to the incident in question. Additionally, none of the businesses of the previous tenants of the building were open for business between the hours of 6:00 p.m. and 8:00 a.m. Thus, Four by Two was not operating any business nor leasing its property to anyone operating a business which would have been open to the public at the time of the attack at issue.
Similarly, Tiger Town Associates was leasing its property to four businesses that did not conduct business hours corresponding to the time of the attack. These businesses were the Gap, Foot Locker, Sunglass Hut and Highland Coffee. These tenants shared the use of the parking lot owned in part by Tiger Town Associates.
Thus, despite plaintiffs' contention that the evidence of prior criminal incidents in the area present a material issue of fact as to the foreseeability of the attack herein, we conclude that duty outlined in Posecai simply does not apply to an attack on a *803 business owner's premises occurring outside of normal business hours, nor do we find a basis for extending the duty of business owners to apply to this situation. In Posecai, the plaintiff sued Sam's Wholesale Club after she was robbed at gunpoint in the store's parking lot during normal business hours. Posecai, 99-1222 at p. 1, 752 So.2d at 764. In considering what, if any, duty was owed, the Supreme Court held that while there is generally no duty to protect others from the criminal activities of third persons, a duty may arise under limited circumstances wherein a business owner has a duty to take reasonable measures to protect its patrons from criminal acts that are foreseeable. Posecai, 99-1222 at p. 5, 752 So.2d at 766. This duty was imposed to protect invitees from foreseeable criminal attacks. Posecai, 99-1222 at p. 5, 752 So.2d at 766. To extend this limited duty to require business owners to protect the general public at large at all times, including the hours during which the business is closed to the public, would require businesses to assume responsibility "for the endemic crime that plagues our communities, a societal problem that even our law enforcement and other government agencies have been unable to solve." Posecai, 99-1222 at p. 8, 752 So.2d at 768.
Accordingly, given that neither Tiger Town Associates and its lessees nor Four by Two Development was conducting a business to which the public was invited at the time of the attack upon plaintiffs herein, we conclude that, as a matter of law, these defendants owed no duty to plaintiffs to protect them from the criminal activity of third persons.[3] Thus, we find no error in the trial court's grant of summary judgment herein.

CONCLUSION
For the above and foregoing reasons, the December 28, 2000 judgment of the trial court, granting the motions for summary judgment of Four by Two Development, Inc. and Tiger Town Associates, L.L.C. and dismissing plaintiffs' claims against them with prejudice, is affirmed. Costs of this appeal are assessed equally against plaintiffs, Danny Bezet and Todd Moonshower.
AFFIRMED; MOTIONS TO DISMISS APPEAL DENIED.
NOTES
[1] The Losavio Trust was also named as a defendant, as the alleged owner of part of the alleyway where the attacks occurred.
[2] While plaintiffs contend on appeal that this printout lists all complaints in a three-block area of the attack, we note that the affidavit of Corporal Roger Tully, through which this printout was introduced, merely provides that this printout was compiled in relation to this suit. Corporal Tully does not specify that this printout encompasses only the three-block area surrounding the attack at issue. This court is able to determine from the printout that the referenced complaints related to occurrences on W. Chimes Street, Highland Road and West State Street.
[3] Nor are we persuaded by plaintiffs' argument that a duty was somehow assumed by Four by Two Development because it did not prohibit or limit in any way any of the area businesses from using the parking lot or alleyway. Given the limited scope of the duty of a business owner to protect its patrons from criminal attack by third parties, as clarified by the Supreme Court in Posecai, we conclude that there is simply no legal basis to extend a duty to protect under these circumstances.