i ¡McDonald, j.
Pam Rabalais, the plaintiff, was working as a volunteer with the Whispering Forest Elementary School Parent Teacher Association (PTA) on the morning of February 27, 1997. While working in the rain to unload prizes for the school Fun Fest from her husband’s truck, she slipped and hit her head on the curb. Rabalais had worked as a substitute teacher for the St. Tammany Parish School Board prior to her accident. Rabalais filed a disputed claim for compensation with the Office of *172 Workers’ Compensation, asserting that she was an employee of the St. Tammany Parish School Board (School Board).[1] The School Board answered the claim, asserting that Rabalais was not an employee of the School Board at the time of her accident and denying that her injury occurred in the course and scope of any employment with the School Board. Thereafter, the School Board filed a motion for judgment on the pleadings, an exception of no cause of action, and a motion for sanctions, which were all denied by the workers’ compensation judge.
The parties made the following stipulations: 1) that in February, 1997, Rabalais had substituted for the School Board, but she was not acting as a substitute teacher on February 27, 1997; 2) Rabalais was vice-president of the Whispering Forest Elementary School PTA on February 27, 1997; 3) Rabalais had worked as a substitute at Whispering Forest Elementary School on the day before the alleged incident; and 4) Rabalais arrived at the school in her husband’s truck, which contained prizes for the school Fun Fest.
IsThe parties went to trial solely on the issue of whether the alleged incident of February 27, 1997 arose out of and in the course of some type of employment with the School Board.
After trial, the workers’ compensation judge took the matter under advisement. Thereafter, the workers’ compensation judge ruled in favor of the School Board, dismissing Rabalais’ workers’ compensation claim with prejudice. The workers’ compensation judge found that Rabalais was acting in her capacity as a PTA volunteer on February 27, 1997, and not as an employee of the School Board. She is appealing that decision.
The sole issue for review is whether the incident of February 27, 1997 arose out of and in the course of some type of employment with the School Board. After a thorough review of the record and relevant jurisprudence, we find that the workers’ compensation judge’s decision was correct, and we affirm the decision at the appellant’s costs. This opinion is rendered in compliance with the Uniform Rules— Courts of Appeal, Rule 2-16.1.B. Costs are assessed against Rabalais.
AFFIRMED.

. Rabalais also filed a tort suit against the School Board. However, any alleged tort claim Rabalais may have against the school board is not before us in these proceedings.