950 So.2d 765 (2007)
Pam Rabalais Wife of/and Jerry M. RABALAIS, Sr.
v.
ST. TAMMANY PARISH SCHOOL BOARD and Littleton Risk Services, Inc.
Pam Rabalais Wife of/and Jerry M. Rabalais, Sr.
v.
Jeremy Williamson, XYZ Insurance Company, Terry Branch, National Automotive Insurance Company and Progressive Security Insurance Company.
No. 2006 CA 0045, 2006 CA 0046.
Court of Appeal of Louisiana, First Circuit.
November 3, 2006.
Writ Denied January 26, 2007.
*767 Tom W. Thornhill, Chadwick W. Collings, Slidell, Harry P. Pastuszek, Jr., Patrice W. Oppenheim, Mandeville, Counsel for Plaintiffs/Appellants, Pam Rabalais, wife of/and Jerry M. Rabalais, Sr. Counsel for Defendant/Appellee, St. Tammany Parish School Board.
Renee Clark McGinty, John E. Faherty, Jr., Metairie, Counsel for Defendant/Appellee, Progressive Security Insurance Co.
R. Vaughn Cimini, Gary T. Breedlove, Metairie, Counsel for Defendants/Appellees, Terry Branch, Jeremy Williamson, and National Automotive Insurance Co.
Gus A. Fritchie, III, Alan D. Dabdoub, New Orleans, Counsel for Defendants/Appellees, St. Tammany Parish School Board and Coregis Insurance Co.
Keith M. Borne, Lafayette, Counsel for Defendant/Appellee, Safeway Insurance Co. of Louisiana.
Before: CARTER, C.J., WHIPPLE and McDONALD, JJ.
WHIPPLE, J.
Plaintiff, Pam Rabalais Gordon,[1] appeals from an amended judgment of the trial court granting a motion for directed verdict dismissing plaintiff's tort claims against defendants, the St. Tammany Parish School Board ("the School Board") and its insurer, Coregis Insurance Company ("Coregis"); denying plaintiff's motion for mistrial as to her tort claim against defendants; and granting plaintiff's motion for mistrial as to her claim against Coregis regarding medical payments coverage under its policy at issue. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY
This suit arises from an accident that occurred when plaintiff was working as a volunteer with the Whispering Forest Elementary School Parent Teacher Association ("the PTA") on the morning of February 27, 1997. On the evening before, plaintiff received a phone call from a "room-mom" requesting that she deliver the prizes for the school Fun Fest, a PTA fund-raising event, at school the following morning. While working in the rain to unload prizes from her husband's truck, plaintiff slipped and hit her head on the curb. As a result of the accident, plaintiff required immediate and ongoing medical treatment for her injuries and incurred certain medical expenses. Although plaintiff *768 had worked as a substitute teacher for the school prior to the accident, plaintiff was not working as a substitute teacher on the day of the accident at issue herein.
Plaintiff filed the instant tort suit against the School Board and its insurer, Coregis, alleging that the School Board was negligent in: failing to properly maintain school property; failing to properly supervise the school activity; failing to provide adequate support for persons, such as plaintiff, moving material in to the school; failing to warn plaintiff of hidden defects on school property; and in misrepresenting to plaintiff that her volunteer activities were covered under the school's umbrella policy.[2]
Trial of this matter was held before a jury on September 27, 2004 through October 1, 2004. At the conclusion of plaintiff's case, the defendants moved for a directed verdict on the issue of liability.
On October 1, 2004, outside of the presence of the jury, the trial court heard argument on the motion for directed verdict. At the conclusion of argument, the trial court, relying on first circuit jurisprudence,[3] determined that because issues of liability of a political subdivision are tried to the judge, and not the jury, the trial court would rule on any claims of liability alleged against the School Board. The trial court then rendered oral reasons, finding that plaintiff failed to prove that any duty was owed to plaintiff by the School Board or that any duty was breached. Accordingly, the trial court granted defendants' motion for directed verdict on the issue of liability.
The trial court then allowed plaintiff to re-open her case as to the outstanding issues for the jury specific to her remaining claims against Coregis, i.e., whether plaintiff was afforded medical payment coverage under the Coregis policy, the amount of that coverage, and the amount of penalties, if any owed under the policy. In response to the trial court's ruling, plaintiff moved for a mistrial. The trial court granted plaintiff's motion for mistrial as to these remaining issues, denied the motion for mistrial as to its challenge of the court's grant of directed verdict on liability, and released the jury from service.
On February 28, 2005, the trial court issued an amended judgment[4] granting defendants' motion for directed verdict; denying plaintiff's motion for mistrial regarding the trial court's handling of her liability claims against defendants; and *769 granting plaintiff's motion for mistrial as to her claims against Coregis regarding medical payment coverage under the Coregis policy.[5]
Plaintiff appeals, assigning the following as error:
1. The trial court committed an error of law in granting the Motion for Directed Verdict as to the third-party liability claims against the School Board and Coregis.
2. The trial court also committed an error of law in granting a "limited mistrial" as to the plaintiff's first-party claims against Coregis.
3. The trial court's denial of a jury trial violated plaintiff's constitutional rights of due process and equal protection.

ASSIGNMENT OF ERROR NUMBER ONE

(Dismissal of Liability Claims)
Plaintiff first claims that the trial court erred as a matter of law in granting the defendants' motion for a directed verdict and thereby dismissing plaintiff's liability claims against the School Board and Coregis in its capacity as liability insurer.
Louisiana Code of Civil Procedure article 1810, which governs directed verdicts, provides as follows:
A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict that is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury.
A trial judge has much discretion in determining whether or not to grant a motion for directed verdict. Wright v. Bennett, XXXX-XXXX (La.App. 1st Cir.9/28/05), 924 So.2d 178, 187. Generally, a motion for directed verdict is appropriately granted in a jury trial when, after considering all evidentiary inferences in the light most favorable to the movant's opponent, it is clear that the facts and inferences are so overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict. Pratt v. Himel Marine, Inc., XXXX-XXXX (La.App. 1st Cir.6/21/02), 823 So.2d 394, 406, writs denied, 2002-2025, 2002-2128 (La.11/01/02), 828 So.2d 571, 572. And, if there is substantial evidence opposed to the motion, i.e., evidence of such quality and weight that reasonable and fair-minded jurors in the exercise of impartial judgment might reach different conclusions, the motion should be denied, and the case submitted to the jury. Pratt, 823 So.2d at 406.
However, in cases that are tried by a judge, a plaintiff bears the burden of establishing his claim by a preponderance of the evidence. See Bryan v. Varnado, 394 So.2d 1321, 1324 (La.App. 1st Cir.1981) and Allen v. State, Department of Health and Human Resources, 456 So.2d 679, 682 (La.App. 5th Cir.1984).[6] Because the motion *770 for directed verdict on plaintiff's claims of liability against the School Board were ultimately tried by the judge herein, the motion for directed verdict was treated as a motion for involuntary dismissal, for which the trial court correctly applied the "preponderance of the evidence" standard.[7]
On appeal, the standard of review for legal sufficiency of the evidence challenges, such as those presented by motions for directed verdicts, is de novo. Hall v. Folger Coffee Company, XXXX-XXXX (La.4/14/04), 874 So.2d 90, 99. The propriety of a directed verdict must be evaluated in light of the substantive law underpinning the plaintiff's claims.
Plaintiff claims her injuries were sustained as a result of the School Board's negligence. In order to determine whether to impose liability under the general negligence principles of LSA-C.C. art. 2315, we look to the duty-risk analysis adopted by Louisiana courts. For liability to attach under a duty-risk analysis, a plaintiff must prove five separate elements: (1) that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of protection element); and (5) that the plaintiff was damaged (the damages element). Boland v. West Feliciana Parish Police Jury, XXXX-XXXX (La.App. 1st Cir.6/25/04), 878 So.2d 808, 815, writ denied, 2004-2286 (La.11/24/04), 888 So.2d 231. Plaintiff's failure to prove any element of the duty/risk analysis results in a determination of no liability. See Cusimano v. Wal-Mart Stores, Inc., XXXX-XXXX (La.App. 1st Cir.2/11/05), 906 So.2d 484, 486-487.
On appeal, plaintiff argues that the School Board was negligent in failing to have a plan for the off-loading process and in failing to designate someone to direct the operation.[8] In granting the motion for directed verdict, the trial court found that the School Board owed no duty to plaintiff, reasoning as follows:
[T]he Court finds that the plaintiff has not carried her burden of proving that there was a duty owed by the School Board which was breached. That pre-admits [sic] the question of whether or not in fact there is a causation issue which does create an interesting question for the Court. Clearly, the testimony of Ms. Rabalais Gordon during the trial was that at the time of the accident she had placed two bags on the ground and was climbing out of the closed pickup truck gate, had her left foot on the ground surface, her right foot on the bumper, and her left foot slipped, causing her to fall. One of the things that struck the Court is that with or without assistance, someone had to get in that *771 truck. Someone had to put those bags on the ground and someone would have been subjected to that same risk. And that's not an unreasonable risk of harm. So the Court will grant the Directed Verdict on the issue of liability.
The threshold question in any duty-risk analysis is whether the defendant owed a duty to the plaintiff. Whether a duty is owed is a question of law. Bezet v. Original Library Joe's, Inc., XXXX-XXXX (La.App. 1st Cir.11/08/02), 838 So.2d 796, 800. Simply put, the inquiry is whether a plaintiff has any law  statutory, jurisprudential, or arising from general principles of fault  to support his or her claim. Boland, 878 So.2d at 815.
On de novo review, we likewise find that given the underlying facts, plaintiff failed to establish that the School Board owed (or breached) a duty to plaintiff. A thorough review of the record and the evidence contained therein shows that plaintiff was at the school on the morning of the accident serving in her capacity as a PTA volunteer. Plaintiff was not working within the course and scope of her employment as a substitute teacher. Plaintiff conceded that no one from the school required her to be there that morning; that she was merely contacted by a "room-mom" the night before and asked to deliver the prizes that morning; that upon her arrival at school that morning, she determined where to unload and parked where she saw fit; that she asked no one from the school for assistance, other than to point out to Ms. Gwen DiGiovanni, a secretary in the school office, that she could not hold the door open and hold the bag of prizes at the same time; and that she employed the "process" that she thought best fit her intention to unload the bags from the back of her pick-up truck.
Further, Ms. Kay Fortenberry, the principal of Whispering Forest Elementary School, testified that although she did not recall seeing plaintiff come into the office that morning and was not aware that plaintiff was unloading fund-raiser prizes for the PTA Fun Fest from her vehicle, if plaintiff had requested assistance in unloading the prizes from the office, she or any of the secretaries had the authority to summon a custodian to assist and would have readily done so. Ms. Fortenberry further testified that unlike employees of the school, volunteers are not under her direct supervision. Ms. DiGiovanni testified that she recalled plaintiff calling her on the morning of the accident and telling her that she was on her way to school that morning with the prizes for the Fun Fest. Plaintiff asked where she should put the prizes and Ms. DiGiovanni recommended that she put them in the workroom. Ms. DiGiovanni did not recall whether she or plaintiff propped the door to the workroom open so plaintiff would not have to have someone unlock and open it each time she entered, and further did not recall plaintiff asking for assistance in unloading the prizes.
While plaintiff argues that the School Board failed to have "a plan" and to designate someone "as being in charge and directing the operation," plaintiff has failed to set forth any statutory or jurisprudential authority that imposes a duty on a School Board to regulate, schedule or supervise the method or manner by which parent volunteers should unload fund-raising prizes for a PTA fund-raising event. Moreover, plaintiff failed to show that the risk of unloading bags of prizes from her truck in the rain, as posed to her, was attributable to any action, policy or lack thereof of the School Board or that she was subjected to any particular or special unreasonable risk as a result of her activities, other than those facing any person who undertook to unload in the rain in the *772 manner chosen by plaintiff. Thus, we find the motion for directed verdict dismissing plaintiff's liability claims against the School Board was properly granted in this case.
This assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO

(Granting Mistrial As to Med Pay Claims)
Plaintiff next contends that the trial court erred in granting a mistrial as to her liability claims against Coregis.
The court, on its own motion, or on the motion of any party, after hearing, may grant a mistrial. LSA-C.C.P. art. 1631 C. Generally, mistrials are properly granted because of some fundamental failure in the proceeding. Hunter v. State, LSU Medical School, XXXX-XXXX (La.App. 1st Cir.3/29/06), 934 So.2d 760, 763. A motion for mistrial in a civil case should be granted under the following circumstances: (1) when, before the trial ends and the judgment is rendered, the trial judge determines that it is impossible to reach a proper judgment because of some error or irregularity; and (2) where no other remedy would provide relief to the moving party. Barnes v. Thames, 578 So.2d 1155, 1161 (La.App. 1st Cir.), writs denied, 577 So.2d 1009 (La.1991). Because a mistrial results in the discharge of one jury and the impaneling of another to try the case anew, it is a drastic remedy. Hunter, 934 So.2d at 763. The trial judge is vested with broad discretion to grant a motion for mistrial where no other remedy would afford relief or where circumstances indicate that justice may not be done if the trial continues. This court should not disturb the trial court's determination unless there was an abuse of discretion. Barnes, 578 So.2d at 1161.
After the trial court granted defendants' motion for directed verdict on the issue of liability, counsel for plaintiff requested a mistrial, stating:
[Counsel for Plaintiff]:
Your honor, in connection with this matter, there have been certain motions, practice, and procedural aspects of the case have obviously been developed to a point where the Court feels as if it must change directions in the order of witnesses and the scope of presentation of those witnesses, and the topics that would be presented by those witnesses to the jury accordingly. It is with regret that I must move for a mistrial in this matter because of potential prejudice to the plaintiff's case in view of the change and direction of the case.
In granting the mistrial, the trial court stated:
[T]he rationale behind the granting of a mistrial is that once it became apparent to the Court that the issues to be resolved by the jury were those relative to the insurance coverage and limits of liability and statutory penalties devolving therefrom, it became very apparent that from the moment of opening statements through the conclusion of the presentation of evidence last evening, that the paths chosen by both the plaintiffs and the defense would have been considerable [sic] different, the approaches would have been considerably different. The jury has been of the belief, based upon the manner in which the trial has been presented, that they would have been deciding all issues in connection with the case. The Court felt that a fair trial could not be given to either side under those circumstances.
Plaintiff now complains that the trial court erred in granting her motion for mistrial as to her med pay claims against *773 Coregis. We first observe that plaintiff is estopped from complaining on appeal of the very relief that she requested from the trial court. See Credit Recoveries, Inc. v. Crow, 37,913 (La.App. 2nd Cir.12/17/03), 862 So.2d 1146, 1152. Moreover, while plaintiff framed this complaint as an assignment of error in brief, she failed to brief the issue on appeal. While we are empowered to consider this assignment of error as abandoned, see Uniform Rules  Courts of Appeal, Rule 2-12.4, we nonetheless find no abuse of the trial court's discretion in granting the mistrial.
This assignment also lacks merit.

ASSIGNMENT OF ERROR NUMBER THREE

(Denial of Jury Trial as Unconstitutional)
In plaintiff's final assignment on appeal, she contends that the denial of a jury trial herein was in violation of the constitutional guarantees of due process and equal protection. Plaintiff argues that the trial court's actions of initially granting a jury trial, then determining that the trial court would decide all issues of liability, effectively denied plaintiff "a fair trial."
We note that plaintiff's case-in-chief was heard by a jury. The trial court then granted defendant's motion for directed verdict (or motion for involuntary dismissal) as to the School Board's liability for plaintiff's injuries. Although the trial court granted the motion for directed verdict applying the preponderance of the evidence standard, on review, we find that under either standard, (i.e., if tried to a jury, a directed verdict is appropriate if the facts and inferences are so overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict and if tried before a judge, the burden is a preponderance of the evidence) the trial court correctly dismissed plaintiff's liability claims against the School Board.
Accordingly, the issue of plaintiff's entitlement to "completion of a jury trial" is mooted by the dismissal of plaintiff's liability claims. Moreover, we note that the trial court allowed plaintiff to re-open her case as to her remaining claims against Coregis to present these to the jury. Notably, in response, the plaintiff moved for a mistrial as discussed in the previous assignment.
Considering these circumstances, we find no merit to this assignment.

CONCLUSION
For the above and foregoing reasons, the February 28, 2005 judgment of the trial court is affirmed. Given the underlying procedural events of this case. Costs of this appeal in the amount of $8,943.50 are assessed one-half to the Appellant, Pam Rabalais and one-half to the Appellee, the St. Tammany Parish School Board and its insurer, Coregis Insurance Company.
AFFIRMED.
NOTES
[1] Since the institution of this suit, Pam Rabalais' husband, Jerry, died and she has remarried. Thus, she is referred to throughout these proceedings as "plaintiff."
[2] Plaintiff initially filed a disputed claim for compensation with the Office of Workers' Compensation, asserting that she was an employee of the School Board. The workers' compensation judge found that plaintiff was working in her capacity as a PTA volunteer at the time of the accident, and not as an employee of the School Board. Thus, the workers' compensation judge dismissed her claim. Finding no error, on April 2, 2004, this court rendered an opinion affirming the decision of the workers' compensation judge. See Gordon v. St. Tammany Parish School Board, XXXX-XXXX (La.App. 1st Cir.4/02/04), 879 So.2d 171.
[3] The trial court relied on Dean v. Terrebonne Parish Police Jury, 510 So.2d 82 (La.App. 1st Cir.1987), Duplantis v. United States Fidelity & Guaranty Insurance Corporation, 342 So.2d 1142 (La.App. 1st Cir.1977), and Thornton v. Moran, 348 So.2d 79 (La.App. 1st Cir.1977), writs denied, 350 So.2d 897, 898, 900 (La. 1977), for the proposition that issues of liability of a political subdivision are triable to a judge, not the jury.
[4] A judgment was originally signed by the trial court on November 4, 2004. After a filing of a motion for new trial, the trial court issued the instant amended judgment before us on appeal, wherein it revised the decretal language concerning the grant of mistrial and preserved plaintiff's remaining claims against Coregis.
[5] Upon examination, we find that although there are remaining claims against Coregis, the judgment of February 25, 2005 is a partial final judgment pursuant to LSA-C.C.P. art. 1915A inasmuch as it fully dismisses plaintiff's liability claims against the School Board.
[6] These cases relied on the former version of LSA-C.C.P. art. 1810B, which governed motions for directed verdicts in judge-tried cases. By Acts 1983, No. 534, § 8, Section B of LSA-C.C.P. art. 1810 was moved to LSA-C.C.P. art. 1672, which governs involuntary dismissals. See Acts 1983, No. 534, § 8, Comment (b).
[7] Under both the former LSA-C.C.P. art. 1810B and LSA-C.C.P. art. 1672, a plaintiff has the burden of establishing his claim by a preponderance of the evidence. See Bryan, 394 So.2d at 1324 and State Farm Mutual Automobile Insurance Company v. Ford Motor Company, XXXX-XXXX (La.App. 1st Cir.6/15/05), 925 So.2d 1, 5.
[8] Plaintiff's claims of premises liability against the School Board, as pled in her initial and first amending petition, were apparently abandoned at trial and on appeal.