WALTER J. ROTHSCHILD, Judge.
| gPIaintiffs, Deidre and Brian Morales, appeal a summary judgment rendered in favor of one of the defendants, Louisiana-I Gaming, a Louisiana Partnership in Com-mendam d/b/a Boomtown Casino (hereinafter referred to as “Boomtown”). For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

This case arises from an incident that occurred at Boomtown Casino in Harvey, Louisiana on July 8, 2005. Deidre Morales was playing a nickel slot machine while Ronette Thompson, her mother, and her father, Stewart Thompson, were playing slot machines nearby. According to the record, Ms. Thompson or her boyfriend had previously been playing the machine that Ms. Morales had begun to play. While playing this slot machine, Ms. Morales won a jackpot. While Ms. Morales waited for an attendant to arrive to pay her winnings, a verbal argument began between Ms. Morales and Ms. Thompson. Aja Washington, who was | ^working at Boomtown as a slot machine attendant, arrived to pay Ms. Morales. Ms. Morales claims that she asked Ms. Washington to call security or to tell Ms. Thompson “to shut up,” but Ms. Washington moved Ms. Morales to the aisle and told her to ignore Ms. Thompson. Then, a physical altercation occurred between Ms. Morales and Ms. Thompson, and Stewart Thompson became involved in the altercation as well. Security officers arrived quickly, the fight was immediately stopped, and the police were called to the scene.
On June 20, 2006, Ms. Morales and her husband filed a Petition for Damages against Boomtown, Ronette Thompson, and Stewart Thompson, in which they assert that Boomtown is liable for damages sustained by Ms. Morales in this incident because its employee, Ms. Washington, did not prevent the confrontation or accurately assess the risk to Ms. Morales. In the petition, plaintiffs further contend that Boomtown is liable because its surveillance and security employees did not timely and effectively prevent the physical confrontation.
On June 18, 2008, Boomtown filed a Motion for Summary Judgment asserting that it should be dismissed from this lawsuit, because: 1) it had no legal duty to prevent unexpected and spontaneous criminal acts of third parties, and 2) it fulfilled its duty of reasonable care by providing adequate, trained security officers to protect its customers. Plaintiffs opposed the motion,[1] arguing that there are several genuine issues of material fact, that the confrontation was reasonably foreseeable, and that Ms. Washington should have called security when Ms. Morales allegedly asked her to do so.
After a hearing on October 28, 2008, the trial judge took the matter under advisement in order to allow him the opportunity to view a videotape of the | incident. On November 5, 2008, the trial judge granted Boomtown’s motion and rendered sum-maty judgment in its favor. It is from this judgment that plaintiffs appeal.

LAW AND DISCUSSION

On appeal, plaintiffs argue that the trial court erred in granting Boomtown’s Motion for Summary Judgment. Plaintiffs claim that there are several genuine issues of material fact that preclude summary *916 judgment, such as whether the Thomp-sons’ conduct in assaulting Ms. Morales was reasonably foreseeable, whether Boomtown’s employee, Ms. Washington, should have recognized the danger in the Thompsons’ abusive language and negligently failed to immediately call for security, and whether Boomtown’s employees had adequate training or notice in order to prevent the assault of Ms. Morales.
Appellate courts review summary judgments de novo using the same criteria that govern the trial court’s consideration of whether or not summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991); Bua v. Dressel, 96-79, p. 3 (La.App. 5 Cir. 5/28/96), 675 So.2d 1191, 1192, writ denied, 96-1598 (La.9/27/96), 679 So.2d 1348. LSA-C.C.P. art. 966(B) provides that summary judgment will be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. The decision as to the propriety of a grant of a motion for summary judgment must be made with reference to the substantive law applicable to the case. Input/Output, Inc. v. Wilson Greatbatch, Inc., 07-570, p. 6 (La.App. 5 Cir. 1/22/08), 977 So.2d 109, 112, writ denied, 08-397 (La.4/18/08), 978 So.2d 350.
IfiThe party bringing a motion for summary judgment bears the burden of proof; however, where the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim. LSA-C.C.P. art. 966(C)(2). The burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issue of material fact exists. Underwood v. Best Western Westbank, Inc., 04-243, p. 5 (La.App. 5 Cir. 8/31/04), 881 So.2d 1271, 1274. Thereafter, if the adverse party fails to produce factual support sufficient to show that he will be able to meet his evidentiary burden of proof at trial, no issue of material fact exists and the moving party is entitled to summary judgment. Id.
In the present case, at the hearing on the Motion for Summary Judgment and on appeal, plaintiffs do not claim that security officers did not arrive timely after being notified of the altercation between the parties. Plaintiffs admit that security officers stopped the fight as soon as they arrived, and they state in their brief on appeal that the response time of the security officers suggests proper training. However, plaintiffs assert that proper procedure for Ms. Washington and other employees, when faced with customer hostility, was to alert security immediately and Ms. Washington failed to do so in this case. Boomtown responds that the alleged criminal conduct of the Thompsons was not foreseeable, that Boomtown provided adequate, trained security officers to protect its customers, and they acted appropriately under the circumstances.
A business proprietor’s duty to his patrons includes that the proprietor must refrain from conduct likely to cause injury to a guest and he must maintain the premises free from unreasonable risks of harm or warn patrons of known dangers. Fredericks v. Daiquiris and Creams of Mandeville, L.L.C., 04-567, p. 4 (La.App. 1 Cir. 3/24/05), 906 So.2d 636, 640, writ denied, 05-1047 (La.6/17/05), 904 So.2d 706. Generally, there is no duty to protect others from the criminal acts of third parties. Taylor v. Stewart, 95-1743 (La.App. 1 Cir. 4/4/96), 672 So.2d 302, 307. Business owners are not insurers of their patrons’ safety, but they do have a duty to *917 implement reasonable measures to protect patrons from criminal acts when those acts are reasonably foreseeable. Posecai v. Wal-Mart Stores, Inc., 99-1222, p. 5 (La.11/30/99), 752 So.2d 762, 766.
The foreseeability of the crime risk on the defendant’s property and the gravity of the risk determines the existence and extent of the defendant’s duty. Bezel v, Original Library Joe’s, Inc., 01-1586, p. 9 (La.App. 1 Cir. 11/8/02), 838 So.2d 796, 801. The plaintiff has the burden of establishing the duty defendant owed under the circumstances. Id.
In the present case, it is undisputed that the physical altercation occurred between patrons of the casino and that no Boomtown employee was involved. Although plaintiffs assert that Boomtown had a duty to prevent the physical altercation, Boomtown only had a duty to protect its patrons from criminal acts that were reasonably foreseeable. The exhibits and the videotape reveal that only two to three minutes elapsed from the time Ms. Washington arrived to pay Ms. Morales and the time the physical fight began. Plaintiffs claim that Ms. Washington should have called security when she heard Ms. Thompson and Ms. Morales arguing or when Ms. Morales asked her to call security. However, Ms. Morales testified in her deposition that she asked Ms. Washington to call security or to tell Ms. Thompson “to shut up.” Thereafter, Ms. Morales stated that Ms. Washington moved her into the aisle and told her not to worry about Ms. Thompson. Ms. Morales testified that she had no idea that Ms. Thompson was going to physically touch her until she was “nose to nose” with her and Ms. Thompson pushed her.
|7In their depositions, Ronette and Stewart Thompson testified that they went to Boomtown often before the incident and they had never had any trouble or been in any other fights or altercations there. There was no evidence to the contrary. In Aja Washington’s affidavit, she stated that she heard derogatory comments being exchanged between Ms. Morales and Ms. Thompson for less than two minutes before the physical altercation occurred, and she stated that she had no reason to believe or anticipate that these individuals would start a physical altercation. Ms. Washington noted that Boomtown security officers were close to the location of the incident and they arrived within seconds. The parties do not dispute that security officers arrived quickly after the incident became physical.
After a careful de novo review, we find that Boomtown has shown by the undisputed evidence that it did not have a duty to protect Ms. Morales from the physical altercation, because the evidence does not show that this incident was reasonably foreseeable. The evidence shows that the altercation occurred within minutes after the parties began exchanging words and was quickly stopped by security officers. There was no evidence indicating that Boomtown knew of any danger to Ms. Morales and failed to warn her. There was also no evidence that the Thompsons had previously been involved in any physical fights at Boomtown, and even Ms. Morales stated that she had no idea that a physical confrontation would result from their argument until it occurred.
In its Motion for Summary Judgment and supporting exhibits, Boomtown presented a prima facie case that it did not owe a duty to protect Ms. Morales from a physical altercation, because it was not reasonably foreseeable. Ms. Morales did not present sufficient evidence in opposition to show that the altercation was reasonably foreseeable and that Boomtown had a duty to protect her from the altercation with the Thompsons. Therefore, Ms. *918 Morales did not show that she can |Rmeet her evidentiary burden of proof at trial or that issues of material fact preclude summary judgment.
We have considered all of plaintiffs’ arguments on appeal and all of its claims of issues of material fact. However, after our de novo review of the Motion for Summary Judgment, Opposition, and exhibits, including the videotape of the incident, and considering the applicable law, we conclude that the trial judge was correct when he granted Boomtown’s Motion for Summary Judgment.

DECREE

For the foregoing reasons, we affirm the summary judgment granted in favor of Boomtown.

AFFIRMED.

. At the hearing on the Motion for Summary Judgment, the trial judge indicated that plaintiffs' memorandum in opposition to the motion had not been filed with the Clerk of Court. This opposition memorandum was also not initially in the record on appeal. However, plaintiffs filed a Motion to Supplement the Appeal Record with the opposition memorandum, which was granted by this Court on May 12, 2009.