GLADNEY, Judge.
Plaintiff brings suit individually and as legal administrator of the estate of his minor child, seeking to recover for personal injuries sustained by his child and for hospital and medical expenses incurred by him in the child’s treatment. The defendants, James O. Atkins and Hartford Accident and Indemnity Company, Atkins’ liability insurer, filed a motion for summary judgment under LSA-C.C.P. Article 966, contending the allegations of fact in plaintiff’s petition do not constitute actionable negligence on the part of defendant Atkins and that, therefore, the petition does not state a cause of action. The trial court sustained the motion for summary judgment and dismissed the demands of plaintiff with prejudice. Plaintiff appeals, alleging the trial court erred in sustaining the motion for summary judgment.
Plaintiff alleges in his petition that he was residing in Monroe, Louisiana, with his wife and seventeen month old son in a rented upstairs apartment, access to which apartment is gained by means of an alley which runs along one side of the building; and that a parking lot for two vehicles adjoins the alley at right angles and runs along *645 another side of the building. An outside flight of wooden stairs leads from the parking lot to the door of the upstairs apartment. Plaintiff alleges further that on the morning of January 26, 1961, at approximately 11:00 o’clock, defendant James O. Atkins was a guest in his apartment; that Atkins had parked his automobile approximately two or three feet directly in front of the base of the stairway leading to the apartment; that Atkins offered to drive plaintiff’s wife, Mrs. LaCas, to a store for the purpose of purchasing groceries; that Mrs. LaCas lifted their child in her arms and began descending the stairs; that as she approached the bottom of the stairway she slipped and fell, sliding beneath Atkins’ automobile and striking the child against it, thereby injuring the child.
It is essential that appellant establish that some one or more of the alleged acts of negligence attributed to Atkins constitutes, as a matter of law, the proximate cause of the injury.
The issues are whether any genuine dispute as to material fact is shown and whether defendants are entitled to judgment as a matter of law. LSA-C.C.P. Article 966 provides:
“The (summary) judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
The pleadings filed in this case, we think, present no genuine issue as to material fact. Plaintiff contends, however, that his petition states a cause of action and that defendants are not entitled to judgment as a matter of law, arguing that the act of Atkins in parking his car so near the base of the stairway fell below the standard of care required of an average reasonable man, thereby constituting actionable negligence when shown to be the proximate cause of the injury to plaintiff’s child. Counsel for appellant also contends that the injuries to plaintiff’s son were caused by the negligence of Atkins in parking his automobile in such a way as to create a hazard for anyone descending the stairs; in failing to warn Mrs. LaCas of the icy and slippery condition of the stairway, and of the hazard of his automobile parked so near the foot of it; and in failing to assist Mrs. LaCas in descending the stairway.
We are of the opinion that Atkins was not negligent in parking his automobile two or three feet from the base of the stairway, and if, arguendo, we assumed such act was an act of negligence, we cannot say it was the procuring, efficient and predominant cause of the injuries suffered by plaintiff’s child. Nor do we think that the act of Atkins in parking his car where he did was the necessary antecedent of those injuries. The injuries sustained by plaintiff’s child in being struck against Atkins’ automobile resulted solely from the act of Mrs. LaCas in slipping and falling on the stairway leading to her own apartment. As the alleged negligence of Atkins in this respect cannot be said to be a proximate cause of the injuries of which plaintiff complains, those allegations afford no basis for liability.
In Harvey v. Great American Indemnity Company, La.App., 110 So.2d 595, 601 (2d Cir.1958), we said:
“It is indeed well settled in our law of negligence that unless an act either of commission or omission can be said to be a proximate cause of resulting injury, it does not afford a basis for liability.” (citing cases)
In that case we quoted the following discussion of the rules governing the determination of a proximate cause which has resulted in injury:
“No general rule can be formulated as to when a negligent act is the proximate cause of an injury, as it depends on the peculiar facts of each case. The *646 guiding principle is to determine whether a given act is a material element or a substantial factor in producing the particular result; for, in order to charge a negligent actor with legal responsibility therefor, not only must the negligence in question have been the cause, but it must have been the proximate cause in producing the injury of which complaint is made. >}i »
“The proximate cause of an injury is not necessarily that which is next or last in time or place, but that which is a procuring, efficient and predominant cause in sense of closeness in causal relation.” [Blashfield] Cyclopedia of Automobile Law and Practice, [Vol. 4] Section 2531.
“There can be no legal or proximate cause unless there is causal connection in fact. Consequences are in fact causal if they would ’ not have happened but for the defendant’s conduct. If the acts of the defendant were necessary antecedents of the consequences in question, they are a cause in fact of those consequences. This has become known as the ‘but for’ or sine qua non rule. Harper on Torts, Sec. 109, page 253.” Arnold v. Griffith, La.App., 192 So. 761, 763 (2d Cir.1939).
Without merit plaintiff argues that Mrs. LaCas became Atkins’ guest as soon as she verbally accepted his invitation to ride in the car. Plaintiff submits that because of the existence of this relationship, Atkins was under a duty to warn Mrs. LaCas of the dangerous condition of the stairway and to assist her in descending it. At the time of her fall, Mrs. LaCas had not entered defendant’s automobile, nor was she in the act of entering it. On the contrary, she slipped and fell while she was engaged in descending the stairway leading to her own apartment. She was clearly not defendant’s guest at the time plaintiff’s child was injured. Atkins was, therefore, under no duty to warn Mrs. LaCas of the dangerous conditions of her own premises, nor was he under a duty to assist her in descending the stairs.
For the foregoing reasons defendants are entitled to judgment as a matter of law. The judgment from which appealed is affirmed, and plaintiff’s suit is dismissed at his cost.