881 So.2d 1271 (2004)
Robert E. UNDERWOOD and his wife, Dorothy Underwood
v.
BEST WESTERN WESTBANK, INC., d/b/a Best Western Westbank, Scottsdale Insurance Company, Linda Boteler and XYZ Insurance Company.
No. 04-CA-243.
Court of Appeal of Louisiana, Fifth Circuit.
August 31, 2004.
*1272 Sidney H. Cates, New Orleans, LA, for Appellants, Robert and Dorothy Underwood.
Wayne R. Maldonado, Ginger K. DeForest, Metairie, LA, for Appellees, Linda Boteler and Scottsdale Insurance Company.
C. Michael Pfister, Magali Puente Martin, Metairie, LA, for Appellee, Linda Boteler.
Panel composed of Judges JAMES L. CANNELLA, SUSAN M. CHEHARDY and JAMES C. GULOTTA, Pro Tempore.
SUSAN M. CHEHARDY, Judge.
Plaintiffs, Robert and Dorothy Underwood, appeal the summary judgment dismissing their action for damages against defendants, Linda Boteler and Scottsdale Insurance Company. For the following reasons, we affirm.
*1273 On May 9, 2001, Robert Underwood was a guest at the Best Western West Bank Motel ("Best Western") in Harvey, Louisiana. That evening, when Mr. Underwood exited the motel, he fell in the motel's parking lot as he stepped from the sidewalk onto an adjacent pedestrian ramp. He sustained injuries, including a fractured right ankle that later required surgery.
On March 2, 2002, the Underwoods filed a petition for damages naming Best Western, its insurer, Scottsdale Insurance Company ("Scottsdale"), and Linda Boteler as defendants. In their petition, the Underwoods alleged that Best Western was negligent for failing to maintain safe and unobstructed exits and entrances to its facility and Ms. Boteler was negligent for "blocking the ingress and egress of pedestrian traffic" by illegally parking her vehicle in a restricted parking zone. The Underwoods also allege that Best Western was strictly liable for, among other things, the existence of unsafe walkways and obstructed exits and lack of skid-resistant pedestrian ramps. Boteler and Scottsdale timely answered the petition.
On November 7, 2002, Boteler filed a motion for summary judgment to which it attached an excerpt from Mr. Underwood's deposition and the affidavit of Linda Boteler with photographs of the area in question. Based on the pleadings, depositions, and affidavits, Boteler asserted that there was no genuine issue of material fact because the Underwoods could not prove that where Ms. Boteler parked her vehicle was a cause of Mr. Underwood's accident. In her affidavit, Boteler, who was an officer of the corporation that owns the motel, attested that the parking area which encompassed the ramp was reserved for the exclusive use of the hotel owners and managers. She attested that the area in question is not designated as or reserved for handicapped parking. Boteler further pointed out that in his deposition, Mr. Underwood stated that a "slippery ramp" had caused him to fall. He further stated in this deposition that he may or may not have touched Boteler's vehicle as he walked around the car. He also stated, "I didn't see no hazard. I just walked off the ramp." Mr. Underwood lastly stated that the weather was clear and sunny on the day he fell and the ground was dry where he fell.
The Underwoods opposed the motion, averring that there were issues of fact regarding whether Boteler's car was illegally parked and obstructing a pedestrian walkway and whether that was a cause of Mr. Underwood's fall. In support of their opposition, the Underwoods attached an affidavit from Mr. Underwood with photographs of the area and Ms. Boteler's parked vehicle as well as a copy of the motel's incident report that described that area of the fall as "ramp for HC parking." The trial judge heard the motion on January 13, 2003 and denied the motion on February 10, 2003.
On July 7, 2003, after further discovery, Boteler, with Scottsdale Insurance Company, filed a second motion for summary judgment to which they attached a second affidavit from Ms. Boteler, photographs of the parking area with the "No Parking" signs, and an excerpt of Mr. Underwood's deposition. On August 20, 2003, the defendants supplemented their motion with the affidavit and report of Fred Vanderbrook, an engineer who examined the area of Mr. Underwood's fall and determine that the ramp did not present an unreasonable risk of harm. In this motion, defendants contended that the Underwoods could not present sufficient evidence under either theory of liability that defendants were at fault in this accident. Specifically, defendants alleged that the *1274 Underwoods cannot prove that there is a defect in the premises necessary to hold defendants strictly liable under La. C.C. art. 2317.1 because they have not listed an expert witness who will testify on that issue. Further, defendants argued that the Underwoods cannot prove that Boteler was negligent for parking her vehicle on the ramp.
The Underwoods opposed the second motion, averring that there were issues of fact regarding whether Boteler's car was illegally parked and obstructing a pedestrian walkway and whether that was a cause of Mr. Underwood's fall. In support of their opposition, the Underwoods attached an affidavit from Mr. Underwood with photographs of the area and Ms. Boteler's parked vehicle as well as a copy of the motel's incident report that described that area of the fall as "ramp for HC parking." To this second opposition, the Underwoods also attached a copy of two statutes regarding parking in prohibited areas. The trial judge heard the motion on September 25, 2003, granted the defendants' motion, and dismissed the plaintiffs' claims on October 1, 2003. The Underwoods filed a timely appeal.
On appeal, the Underwoods assert that the trial judge erred in granting Boteler and Scottsdale's motion for summary judgment because genuine issues of material fact were raised. The Underwoods argue specifically that "the designation of the area in which Mr. Underwood's slip and fall took place is material to the outcome of this litigation, and ....the legality and appropriateness of Linda Boteler's parking of her vehicle in the aforementioned area" are questions of fact that should be determined by the jury at the trial on the merits.
Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. La. C.C.P. art. 966(C)(2). If the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a material factual issue remains. The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Hutchinson v. Knights of Columbus, Council No. 5747, 03-1533, (La.2/20/04), 866 So.2d 228; Hardy v. Bowie, 98-2821, pp. 4-5 (La.9/8/99), 744 So.2d 606, 609-610.
Summary judgments are reviewed de novo on appeal. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. Id. In Smith, the supreme court recognized that a "genuine issue" is a "triable issue." Id."An issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue." Id. Facts are material when their existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Id. at 751. See also La. *1275 C.C.P. art. 966(B). When a motion for summary judgment is made and supported, the adverse party may not rest on the allegations or denials of his pleadings but must set forth specific facts showing that there is a genuine issue for trial. La. C.C.P. art. 967.
The movants, here Boteler and Scottsdale, have the burden of proof. La. C.C.P. art. 966(C)(2). However, because they will not bear the burden of proof at trial, their burden does not require them to negate all essential elements of the Underwoods' action, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the Underwoods' action. If Boteler and Scottsdale meet this initial burden of proof, the burden shifts to the Underwoods to produce factual support sufficient to establish that they will be able to satisfy their evidentiary burden at trial. If the Underwoods fail to meet this burden, there is no genuine issue of material fact, and Boteler and Scottsdale are entitled to summary judgment.
To carry their burden on summary judgment, Boteler and Scottsdale must show that there is an absence of factual support for any of the elements of both the negligence and the strict liability cause of action. The negligence case is resolved by employing a duty-risk analysis, which involves five elements: (1) that the defendant's conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (2) that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) that the defendant had a duty to conform his conduct to a specific standard (the duty element); (4) that the defendant's conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) that the plaintiff suffered actual damages (the damages element). Perkins v. Entergy Corp., 00-1372, p. 7 (La.3/23/01), 782 So.2d 606, 611.
With respect to the negligence cause of action, Boteler and Scottsdale contend that the Underwoods will be unable to prove any connection between Boteler's vehicle and Underwood's fall or that Boteler's conduct in parking partially on the ramp failed to conform to an appropriate standard. Because we conclude that there is an absence of factual support for the cause-in-fact element, we need not discuss factual support for the other elements of the negligence action. In Mr. Underwood's deposition, he stated that the cause of his fall was a "slippery ramp." He also stated that he saw a vehicle and that he may or may not have touched Boteler's vehicle as he walked around the car. He also stated, "I didn't see no hazard. I just walked off the ramp." Mr. Underwood lastly stated that the weather was clear and sunny on the day he fell and the ground was dry where he fell. His testimony does not support his contention that the parked vehicle was a "cause-in-fact" of his fall. Further, he did not present any other proof to indicate that he could meet his evidentiary burden on this element at trial.
Boteler and Scottsdale, thus, indicated an absence of factual support for the cause-in-fact element essential to the Underwoods' negligence action so the burden then shifts to the Underwoods to produce factual support sufficient to establish that they will be able to satisfy their evidentiary burden at trial. La. C.C.P. art. 966(C)(2). The Underwoods argue that they have never argued that Boteler's parked vehicle was the sole cause of his fall but they allege that her illegally parked vehicle was a "significant contributing factor" to his fall. They maintain that Boteler's vehicle was "hazardous and unsafe" because it was parked illegally, which *1276 constitutes negligence per se. We note that Boteler's vehicle was parked on private property in an area that is designated by the property owners as a "No Parking" zone. Further, her uncontroverted affidavit indicates that the area was designated as "No Parking" to reserve parking space for the motel owners and managers, including her. We disagree that a reasonable juror could find that the location of Boteler's vehicle was a cause-in-fact of Mr. Underwood's fall. We conclude that the Underwoods have failed to meet their burden of proof and, as such, there is no genuine issue of material fact. Boteler and Scottsdale are, therefore, entitled to summary judgment on the negligence cause of action.
With respect to the strict liability claim, the pertinent provisions of La. C.C. art. 2317.1[1] state:
The owner or custodian of a thing is answerable for damages occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.
The supreme court applied an unreasonable risk of harm analysis in the case of Reed v. Wal-Mart Stores, Inc., 97-1174 (La.03/04/98), 708 So.2d 362. Reed concerned whether a parking lot was defective, and in this regard the court noted:
It is common for the surfaces of streets, sidewalks, and parking lots to be irregular. It is not the duty of the party having garde of the same to eliminate all variations in elevations existing along the countless cracks, seams, joints, and curves. These surfaces are not required to be smooth and lacking in deviations, and indeed, such a requirement would be impossible to meet. Rather, a party may only be held liable for those defects which present an unreasonable risk of harm.
Id. at 363.
On appeal, Boteler and Scottsdale argue that the Underwoods did not present proof that they could meet their evidentiary burden of proof for their strict liability claim at trial. According to Boteler and Scottsdale, the Underwoods had to prove that Boteler and/or Best Western had custody of the ramp that caused the injury, that the ramp contained a defect (a condition creating an unreasonable risk of harm), and that the defect caused Mr. Underwood's injury. Furthermore, the Underwoods had to prove that Boteler or Best Western knew or should have known of the vice or defect. Boteler and Scottsdale assert that the Underwoods offered no evidence to prove that the ramp contained a defect that presented an unreasonable risk of harm. We agree.
Once Boteler and Scottsdale pointed out an absence of factual support for an element essential to the Underwoods' strict liability claim action, the burden then shifts to the Underwoods to produce factual support sufficient to establish that they will be able to satisfy their evidentiary burden at trial. La. C.C.P. art. 966(C)(2). The Underwoods allude to the lack of non-skid surfacing as the defect in the "slippery ramp." They did not, however, present proof that the ramp did not *1277 have non-skid surfacing on the day of Mr. Underwood's fall. We cannot, therefore, agree that a reasonable juror could find that the ramp had a defect that presented an unreasonable risk of harm. We conclude that the Underwoods have failed to meet their burden of proof and, as such, there is no genuine issue of material fact. Boteler and Scottsdale are, therefore, entitled to summary judgment on the strict liability cause of action.
For the foregoing reasons, we find that the trial judge did not err in granting summary judgment. The judgment is affirmed. Costs of this appeal are taxed to the appellants.
AFFIRMED.
NOTES
[1] Prior to the Louisiana Legislature's adoption of La. C.C. art. 2317.1, cases such as the one at bar were analyzed under the provisions of La. C.C. art. 2317 which states, in pertinent part: "We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody ..."