WALTER J. ROTHSCHILD, Judge.
 

 | ¡¿Plaintiff, Eneitra Michael, individually and as natural tutrix of Savion Johnson (“Savion”), appeals a summary judgment granted in favor of defendants, Troas Poche and Louisiana Farm Bureau Casualty Insurance Company (“Farm Bureau”), dismissing her claims against them. For the following reasons, we affirm.
 

 STATEMENT OF THE CASE
 

 This case arises from an accident that occurred on October 30, 2007 on West Main Street in St. James Parish between a bicycle operated by Savion Johnson, who was eight years old at the time, and a Toyota Tundra truck driven by Troas Poche. On April 9, 2008, plaintiff filed a Petition for Damages against Mr. Poche, Farm Bureau as Mr. Poche’s liability insurer, and the State of Louisiana, alleging that these defendants are liable for injuries sustained by Savion in the accident.
 
 [1]
 

 On September 22, 2009, Mr. Poche and Farm Bureau filed a Motion for Summary Judgment, along with supporting exhibits, claiming that there are no |agenuine issues of material fact in dispute and that Mr. Poche was entirely free from fault in the accident. Ms. Michael filed an Opposition to the Motion for Summary Judgment, along with exhibits, on October 26, 2009, claiming that there are issues of material fact that preclude summary judgment in this case. Mr. Poche and Farm Bureau also filed a Reply Memorandum in support of their motion.
 

 On November 2, 2009, the matter came before the trial court for hearing.
 
 [2]
 
 After hearing the arguments of counsel and considering the evidence before it, the trial court granted the Motion for Summary Judgment. On November 16, 2009, the trial court signed a written judgment granting the Motion for Summary Judgment in favor of Mr. Poche and Farm Bureau, and dismissing Ms. Michael’s claims against them. It is from this judgment that Ms. Michael appeals.
 

 
 *135
 

 DISCUSSION
 

 On appeal, Ms. Michael contends that the trial court erred in granting the defendants’ Motion for Summary Judgment and dismissing Mr. Poche and Farm Bureau from this lawsuit. We disagree.
 

 It is well settled that appellate courts review summary judgments
 
 de novo
 
 using the same criteria applied by the trial courts to determine whether summary judgment is appropriate.
 
 Smith v. Our Lady of the Lake Hosp., Inc.,
 
 93-2512 (La.7/5/94), 639 So.2d 730, 750;
 
 Nuccio v. Robert,
 
 99-1327, p. 6 (La.App. 5 Cir. 04/25/00), 761 So.2d 84, 87,
 
 writ denied,
 
 00-1453 (La.6/30/00), 766 So.2d 544. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). Summary judgment procedure is favored, and shall be construed, as it was | intended, to secure the just, speedy, and inexpensive determination of every action. LSA-C.C.P. art. 966(A)(2);
 
 Hayne v. Woodridge Condominiums, Inc.,
 
 06-923, p. 5 (La.App. 5 Cir. 4/11/07), 957 So.2d 804, 807;
 
 Magnon v. Collins,
 
 98-2822, p. 5 (La.7/7/99), 739 So.2d 191, 195.
 

 The party bringing a motion for summary judgment bears the burden of proof; however, where the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim. LSA-C.C.P. art. 966(C)(2). The burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issue of material fact exists.
 
 Underwood v. Best Western West-bank, Inc.,
 
 04-243, p. 5 (La.App. 5 Cir. 8/31/04), 881 So.2d 1271, 1274. Thereafter, if the adverse party fails to produce factual support sufficient to show that he will be able to meet his evidentiary burden of proof at trial, no issue of material fact exists and the moving party is entitled to summary judgment.
 
 Id.
 

 In support of their Motion for Summary Judgment, defendants submitted excerpts from the deposition of Troas Poche. In his deposition, Mr. Poche stated that he was traveling on Airline Drive and stopped at a red light. When the light turned green, he turned onto Main Street. According to Mr. Poche, he began to proceed westbound on Main Street when Savion Johnson, who was riding a bicycle, came from behind a green Suburban that was stopped at a red light eastbound on Main Street, and Savion hit the left front side of his truck with the bicycle. Mr. Poche stated that his truck did not hit the bike; the bike hit his truck by the front wheel. He indicated that he was looking straight ahead, but he did not see Savion until he heard the impact and Savion was on the ground, because |BSavion came from behind the Suburban and the Suburban obstructed his view of the boy.
 

 Defendants also submitted excerpts from the deposition of Vicki Lester. Ms. Lester testified that she was proceeding eastbound on Main Street and was stopped at a red light behind the Suburban when she witnessed the accident. She stated that she saw Savion dart on his bicycle across the street without looking, and he ran into the “side fender of the bumper” on the driver’s side of Mr. Poche’s truck, which was proceeding in the opposite direction, westbound on Main Street. She stated that nothing obstructed her view of the incident, because she was at a complete stop and the boy darted directly in front of her vehicle and behind the Subur
 
 *136
 
 ban. Ms. Lester testified that Savion hit the side of the truck with his bicycle, not the front of the truck. Ms. Lester did not believe that Mr. Poche did anything to cause the accident because the boy darted fast across the street and hit Mr. Poche’s truck.
 

 Defendants also submitted excerpts from the deposition of Deputy Evangeline Taylor. Deputy Taylor investigated the accident and determined that Savion’s bicycle hit the left front side of Mr. Poche’s truck near the wheel, and it was not Mr. Poche’s truck that hit the bicycle. The damage she noted on Mr. Poche’s truck was a small indentation at the wheel well of the front driver’s side wheel. She did not see any damage to the front of Mr. Poche’s vehicle caused by any impact. Rather, there was a scuff mark or bug spot on the front of the truck, but there was no indentation there and she opined that there was “no way” contact could have been made at the front of the vehicle. She further testified that the way the front wheel of the bicycle was turned showed that Savion’s bicycle made contact with the side of Mr. Poche’s truck, not the front. Deputy Taylor indicated that the incident did not occur at an intersection and that Savion should not have Rbeen cutting in between traffic on the street. Based on her investigation, Deputy Taylor opined that Mr. Poche did nothing wrong and that Savion was solely at fault for the accident.
 

 Finally, defendants submitted excerpts from Savion Johnson’s deposition. Although he stated that Mr. Poche’s truck hit him and that he did not hit the truck, he stated that the left side of the truck hit him and it was “the side where they drive at.”
 

 In opposition to the Motion for Summary Judgment, plaintiff contends that Mr. Poche was at fault because he was distracted and did not see Savion crossing the street. Plaintiff further argues that there is an issue of fact as to where the impact occurred between the truck and the bicycle. Plaintiff asserts that Mr. Poche hit Savion with the front of his truck and notes that there was a mark on the front. Plaintiff suggests that Deputy Taylor simply disregarded the damage to Mr. Poche’s front bumper and did not consider that it could have been the point of impact, because Mr. Poche told her that anything on the front bumper had been there before the accident. Plaintiff also argues that Ms. Lester’s credibility is at issue because she indicated in her statement after the accident that Savion “darted across the street ... in front of a white pickup truck,” but she later stated in her deposition that she was wrong in her statement and that the boy hit the side of the truck.
 

 After considering the memoranda, exhibits, and arguments of counsel, the trial judge found that “upon the facts and the law there is [sic] no genuine issues of material fact as Troas Poche is free from liability in the accident at issue.” The trial judge granted the summary judgment, dismissed plaintiffs case against these defendants, and designated the judgment as final pursuant to LSA-C.C.P. art. 1915.
 

 |7On appeal, Ms. Michael contends that the trial court made impermissible credibility determinations when assessing Vicki Lester’s statement versus her deposition. We disagree. Vicki Lester was an independent witness who saw the entire incident and testified that Savion darted across the street without looking and struck the front side of Mr. Poche’s truck. Although she wrote in her statement that he darted “in front of the white pickup truck,” she later indicated that her statement was not completely accurate because Savion actually struck the front side of the truck near the wheel. There has been no evidence presented to show that this was
 
 *137
 
 anything other than a simple error that was corrected and clarified. Further, no evidence was presented to contradict Ms. Lester’s deposition testimony or to show that her testimony was not credible.
 

 Ms. Michael further argues on appeal that the trial court erred in determining that Mr. Poche was not negligent in this accident. We disagree, because the evidence presented established that Mr. Poche was not negligent. Ms. Lester’s deposition testimony made it clear that she observed Savion dart across the street into the front side of Mr. Poche’s truck. Ms. Lester’s testimony was consistent with Mr. Poche’s testimony that he was proceeding westbound on Main Street when Savion came from behind a green Suburban and hit the left front side of his truck with the bicycle. In addition, the findings of Deputy Taylor’s investigation were consistent with the depositions of Ms. Lester and Mr. Poche that Savion’s bicycle struck the front side of Mr. Poche’s vehicle and that Mr. Poche’s truck did not strike Savion. Finally, although Savion testified that the truck hit him, he stated that the left side of the truck hit him “where they drive at.” Savion also admitted that he drove straight across two lanes fast before hitting the truck and that he didn’t stop at any point because he couldn’t stop the pedals.
 

 | sIn addition, Ms. Michael contends on appeal that there is an issue of material fact regarding the point of impact. Although plaintiff argues that a mark on the front of Mr. Poche’s truck could have been where the impact occurred, there is no evidence to support her assertion that this was the point of impact. Mr. Poche contends that the mark on the front of the truck was simply a mark caused by a bug. Deputy Taylor testified that the mark on the front of the truck had no dent, and she believed that the impact was on the front side of the truck by the wheel well where there was “paint that was able to be moved and there was an actual dent there showing fresh impact.”
 

 Finally, Ms. Michael asserts that Mr. Poche was at fault based on the doctrine of preemption. However, this argument was not raised in opposition to the Motion for Summary Judgment at the trial level and thus, it cannot be considered in our
 
 de novo
 
 review. See
 
 Azreme, Corp. v. Esquire Title Corp.,
 
 98-1179 (La.App. 5 Cir. 3/30/99), 731 So.2d 422, 426. Also, plaintiff argues that the intersection was unreasonably dangerous. However, based on the facts before us, we find this argument to be unpersuasive as it pertains to the liability of these defendants.
 

 In order to determine whether liability exists, a duty-risk analysis is used.
 
 Dugas v. Derouen,
 
 01-1397, p. 3 (La.App. 3 Cir. 7/3/02), 824 So.2d 475, 478,
 
 writ denied,
 
 02-2131 (La.11/15/02), 829 So.2d 426. Under this analysis, the plaintiff must prove that the conduct in question was a eause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the defendant breached the duty, and the risk of harm was within the scope of protection afforded by the duty breached.
 
 Id.
 
 at 3, 824 So.2d at 478-479.
 

 If a motorist is proceeding at a lawful and reasonable speed and is obeying all the rules of the road as to proper lookout, he will not be held liable when a child | ^suddenly darts into his path from a concealed position.
 
 Jeansonne v. Corbett,
 
 496 So.2d 1346, 1348 (La.App. 3 Cir.1986),
 
 writ denied,
 
 499 So.2d 942 (La.1987). A motorist is not the insurer of a cyclist’s safety and will not be held liable when the driver has used all reasonable precaution to avoid an accident and a sudden act of a child creates an emergency rendering it impossible to avoid striking the child.
 
 *138
 

 Moore v. State Farm Mut. Auto. Ins. Co.,
 
 499 So.2d 146, 148 (La.App. 2 Cir.1986).
 

 In their Motion for Summary Judgment, defendants pointed out an absence of factual support for plaintiffs claims and presented a prima facie case that no genuine issue of material fact exists. Thus, the burden shifted to plaintiff to produce factual support sufficient to show that she will be able to meet her evidentiary burden of proof at trial. Based on our
 
 de novo
 
 review in this case, we find that plaintiff did not meet this burden and that defendants were entitled to summary judgment in them favor, dismissing them from this lawsuit.
 

 DECREE
 

 For the foregoing reasons, we affirm the summary judgment granted in favor of Troas Poche and Farm Bureau, dismissing them from this lawsuit. All costs of this appeal are to be paid by plaintiff.
 

 AFFIRMED.
 

 [1]
 

 . Plaintiff also filed a First Supplemental and Amended Petition for Damages on September 18, 2008 to add claims against the Louisiana Department of Transportation and Development.
 

 [2]
 

 . The record before us is a designated record and the transcript of this hearing is not included in the record.