CLARENCE E. McMANUS, Judge.
| ¡.Plaintiff appeals the granting of summary judgment in favor of defendants. For the reasons which follow, we reverse the trial court’s judgment.

STATEMENT OF THE CASE

Plaintiff, Hilda Azurdia, filed a petition on October 19, 2007, seeking damages for injuries she sustained in a car accident on October 19, 2006, in which her vehicle was allegedly rear ended by a vehicle driven by Cynthia Howard. Howard was insured by State Farm Mutual Automobile Insurance *1254 Company at the time of the accident. Azurdia was insured by Allstate Insurance Company, and her coverage included un-derinsured/uninsured motorist coverage. Azurdia’s original petition for damages asserted that Howard was uninsured, so her petition only asserted claims against Allstate under her own uninsured/underin-sured motorist coverage. On January 19, 2008, she amended her petition to name State Farm, Howard’s insurer, as a defendant.
Discovery was propounded to Azurdia, including requests for photographs, estimates and documentation of the damage to the vehicle. The deposition of Azurdia was taken on July 21, 2009. On February 17, 2010, State Farm filed a [..¡motion for summary judgment. State Farm contended that even though discovery had been propounded to Azurdia requesting documentation that an accident did occur and that there was damage sustained, no documentation was provided by Azurdia. Further, State Farm pointed out that Allstate, Azurdia’s insurer, only learned of the alleged accident when it was served with the lawsuit. Allstate was never provided documentation of the accident and no claim was ever made under Azurdia’s collision coverage with Allstate. Additionally, Azurdia did not obtain a police report. Thus, State Farm argued there was no corroborating evidence that any contact occurred between the two vehicles, therefore, it was entitled to summary judgment.
The motion for summary judgment was heard by the trial court on May 10, 2010. Counsel for State Farm appeared at the hearing, however, counsel for Azurdia did not appear. On May 12, 2010, the trial court issued a judgment granting summary judgment in favor of defendants, State Farm and Howard, and dismissing Azurdia’s claims.
On May 19, 2010, Azurdia filed a motion for new trial arguing she, through her counsel of record, had not been served with notice of the original hearing date for the motion for summary judgment hearing, nor the date set for the hearing following the motion to continue. Therefore, she argued she was denied due process because the hearing proceeded without her counsel being present. Azurdia attached copies of service returns which show the sheriffs office attempted to serve her counsel at an Esplanade Avenue address in Kenner, but noted that he was “[n]ot at this address”. On the same date Azurdia filed a motion for new trial and Azurdia’s counsel filed a Notice of Change of Address providing his new office address.
I/The trial court held a hearing on the motion for new trial on September 21, 2010 and on September 22, 2010, the trial court issued a judgment denying the motion for new trial. Azurdia now appeals the trial court’s denial of her motion for new trial and the granting of the motion for summary judgment.

DISCUSSION

On appeal, Azurdia contends she, through her counsel of record, was never served with notice of the hearing for the motion for summary judgment. Azurdia’s counsel claims that he moved office locations, so service at the old address was refused and he was not served at his new office address. Azurdia contends the judgment granting summary judgment in favor of defendants is a nullity because of insufficient service of process and she is entitled to a new trial on the motion for summary judgment.
State Farm contends that it properly requested service of the motion for summary judgment on Azurdia, through her counsel of record at 1900 Esplanade Avenue, Suite 203, Kenner, Louisiana, which *1255 was the address provided on the petition for damages and other documents filed into the record. State Farm further asserts the trial court correctly granted summary judgment in its favor because there was no evidence presented that an accident actually occurred.
This is an appeal from the granting of a motion for summary judgment. It is well settled that appellate courts review summary judgments de novo using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Michael v. Poche, 10-CA-230 (La.App. 5 Cir. 10/26/10), 52 So.3d 133, citing Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together | swith the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).
In the motion for summary judgment, State Farm argued there was no corroborating evidence presented by Azurdia to show that any contact occurred between the two vehicles. Discovery requests were sent to Azurdia by State Farm and Allstate requesting photographs of the damage to the vehicle, estimates for the damage repairs, and documentation of the damage to the vehicle. However, Azurdia did not provide any of this documentation to either defendant.
In support of the motion for summary judgment, State Farm submitted the affidavit of defendant, Cynthia Howard, in which she stated that no contact occurred between her vehicle and Azurdia’s vehicle on October 19, 2006 or any other date. Additionally, State Farm presented the affidavit of Kellie Freeman, an Allstate claims adjuster. Freeman states in her affidavit that she researched Allstate’s records regarding this alleged accident and found that the claim was reported by Azurdia only by way of service of the lawsuit naming Allstate a defendant. Freeman further stated that no police report was ever produced by Azurdia. Freeman also stated that no claim was ever pursued under Azurdia’s auto collision insurance coverage for any alleged damage to her vehicle.
In her deposition, Azurdia testified that she was on her way to work on the day of the accident. She testified that she was driving on the bottom portion of the elevated expressway and all of a sudden she felt a hit from behind. She stated she was not at a stop and was probably traveling about 35 to 45 miles per hour in the left lane. Following the hit, Azurdia testified she got out of the car, but Howard never exited her car. Howard was on her cell phone so Azurdia thought she was calling the police, but she did not. Azurdia testified that Howard told her she could just write down her policy information and driver’s license number. Azurdia stated | fithat Howard apologized, saying she was looking at something and that is why she did not stop in time. Howard then wrote down her phone number and gave it to Azurdia. Azurdia contends she tried to call the number, but it was not a good number.
After reviewing the record in this matter, we disagree with the trial court and find summary judgment is not appropriate in this case. We find genuine issues of material fact exist regarding whether or not an accident actually occurred. Azurdia claims in her petition, and in her deposition, that Howard’s vehicle hit her vehicle. Howard claims no collision occurred. Thus, we are left with a question of fact which must be determined by a trier of fact.
*1256 Accordingly, the judgment of the trial court granting summary judgment in favor of State Farm and Howard is reversed.

REVERSED