PATRICIA DESSELLE

VERSUS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY AND DAVID SILES

NO. 21-CA-553

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 804-227, DIVISION "F"
HONORABLE MICHAEL P. MENTZ, JUDGE PRESIDING


June 08, 2022


**JOHN J. MOLAISON, JR.**
**JUDGE**


Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and John J. Molaison, Jr.


**REVERSED IN PART; AFFIRMED IN PART**
    **JJM**
    **SMC**
    **FHW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
PATRICIA DESSELLE
Joseph S. Piacun

COUNSEL FOR DEFENDANT/APPELLEE,
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND
DAVID SILES
Matthew A. Mang
Victoria H. Fabre

**MOLAISON, J.**

The plaintiff/appellant in this matter, Patricia Desselle, appeals the trial court's ruling that granted summary judgment in favor of the defendants, State Farm Mutual Automobile Insurance Company and its insured, David Siles. For the reasons that follow, we reverse in part, and affirm in part.

## PROCEDURAL HISTORY

On February 14, 2020, Ms. Desselle filed a petition for damages at the Twenty-Fourth Judicial District Court which alleged that she had sustained several injuries on March 25, 2019, after she fell at her place of employment, Gates of Prayer School, where she worked as a part-time after care assistant. Ms. Desselle claimed that the fall resulted after Mr. Siles had parked his vehicle in the fire lane in front of the school, making it necessary for her to take an alternate route into the building through an uneven grassy area where she lost her footing. [1] On March 2, 2020, State Farm answered the petition and denied any liability. Thereafter, on March 1, 2021, State Farm filed a motion for summary judgment that argued Ms. Desselle could not meet her burden of proving the essential legal elements of her "trip and fall" liability claims against Mr. Siles. The trial court granted State Farm's motion for summary judgment on May 20, 2021, following a hearing on that same date. This timely devolutive appeal by Ms. Desselle followed.

## ASSIGNMENTS OF ERROR

On appeal, Ms. Desselle first contends that the trial court erred in granting State Farm's motion for summary judgment based upon its finding that Mr. Siles' parked, unoccupied vehicle was not the cause of her injuries. In her second

---

[1] While Ms. Desselle did not specifically assert so in her petition, opposition to summary judgment, or appellate brief, we note that, as per her oral argument, her claims are based on La. C.C.P. arts. 2315 and 2316.

assignment of error, Ms. Desselle argues that the trial court erred in excluding certain exhibits that were attached to her opposition to State Farm's motion for summary judgment.

## LAW AND ANALYSIS

*State Farm's Motion To Strike*

We first address Ms. Desselle's claim that the trial court erred in granting State Farm's motion to strike two documents included in her opposition to the motion for summary judgment: an incident report from Ms. Desselle's accident, and a letter to parents about parking procedures in front of school, both of which were purportedly authored by Gates of Prayer. The record demonstrates that during Ms. Desselle's January 5, 2021 deposition, counsel for State Farm questioned her regarding a March 25, 2019 report of the accident written by Gates of Prayer employee Jenny Ermatinger. The report was offered by State Farm as "Exhibit A" to the deposition, with an affirmation by State Farm's counsel that he had received the document "in discovery." In his January 5, 2021 deposition, Mr. Siles was questioned by plaintiff's counsel about the content of a communication[2] sent to parents by the Gates of Prayer after the date of Ms. Desselle's accident. State Farm's motion to strike was incorporated into a reply memorandum filed in response to Ms. Desselle's opposition to its motion for summary judgment. In its motion to strike, and at the hearing on its motion for summary judgment, State Farm argued that the documents at issue, identified as "plaintiff's Exhibits 4 and 5," were inadmissible because they were unauthenticated. Ms. Desselle asserted, however, that the documents were properly in evidence because they were

---

[2] Mr. Siles initially identified the communication as an "email"; however, "Exhibit 1," which was introduced without objection by plaintiff's counsel, is a "letter" dated March 26, 2019. The document, which was read into the record, stated:

> "Due to recent events we would appreciate you not parking in the fire lane when coming to pick up your children from school. State law prohibits parking in a fire lane. We always want to look out for the safety of our families, students, and employees."

produced during discovery between the parties.  In granting the motion to strike, the trial court stated that although it did not find the documents were admissible, it also did not believe that these particular documents had any bearing on the ultimate merit of the motion for summary judgment.

La. C.C.P. art. 966(A)(4) provides, in relevant part:

> The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions.

With regard to the March 25, 2019 incident report, it would appear that State Farm now objects to the admissibility of an exhibit attached to Ms. Deselle's deposition, which it also produced in support of its motion for summary judgment and which it acknowledged during Ms. Desselle's deposition was received during discovery. We find that the incident report fits within the parameters of La. C.C.P. art. 966(A)(4) as it was used by State Farm as an exhibit attached to Ms. Deselle's deposition and as a basis upon which to question Ms. Desselle during her deposition.  We therefore hold that the document was admissible for the purposes of determining whether summary judgment was proper.

Similarly, the March 26, 2019 letter or communication received by Mr. Siles from Gates of Prayer was attached as an exhibit to Mr. Siles' deposition. State Farm introduced Mr. Siles' deposition in its entirety in support of its motion for summary judgment. Mr. Siles was asked during the deposition to identify the content of the letter as something that was sent to all parents following Ms. Desselle's accident and as something that he personally received. There was no objection made at that time as to the authenticity of the document, nor was there an objection to the content of the communication being read into the record.  Under these specific facts, we find that the letter is properly considered by this Court in

our de novo review of the record. *Moridani v. Stone Clinical Lab'ys, LLC*, 17-0519 (La. App. 4 Cir. 11/22/17), 231 So.3d 803, 807.

Accordingly, we find that the trial court erred in granting State Farm' motion to strike.

*State Farm's Motion For Summary Judgment*

We next address Ms. Desselle's assignment of error that the trial court improperly granted State Farm's motion for summary judgment.

In support of its motion for summary judgment, State Farm attached the deposition testimony of Ms. Desselle and Mr. Siles. Ms. Desselle testified that her fall happened on Monday, March 25, 2019, between approximately 3:12 and 3:25 p.m. On that date, she parked her vehicle in the Gates of Prayer school parking lot, roughly 100 feet from the entrance of the school building. As she approached the building, she saw a truck, parked and unoccupied, at the curb in front of the entrance and sidewalk. Ms. Desselle did not see any vehicles behind the truck at that time. Ms. Desselle proceeded to walk in front of the truck at a normal pace, stepping up from the curb and onto an "uneven spot" in the grass, where she then fell into the building "chest and arm first." She denied that Mr. Siles' truck moved or struck her in any way, and she did not run into, or trip over, the truck.
In his deposition testimony, Mr. Siles recalled that on the date of Ms. Desselle's fall, there were no vehicles in the carpool lane, and no employees outside of the school, at the time he arrived at Gates of Prayer to pick up his daughter. He parked in an area in front of the school, which was a location where Gates of Prayer had previously allowed people to park or stop their vehicles both during and after daycare. Mr. Siles did not see Ms. Desselle fall; when he walked outside with his daughter, he saw Ms. Desselle laying in the grass. He recalled that subsequent to Ms. Desselle's fall, Gates of Prayer sent out a communication asking parents not to park in the fire lane.

The trial court stated its finding at the conclusion of the hearing on the motion for summary judgment that there were no issues of material fact "as to how the incident occurred and the circumstances surrounding the incident," as well as its conclusion that Mr. Siles' vehicle was not a cause-in-fact of Ms. Desselle's accident. The trial court also indicated that it was persuaded to grant summary judgment by this Court's holding in *Underwood v. Best W. Westbank, Inc.*, 04-243 (La. App. 5 Cir. 8/31/04), 881 So.2d 1271.

*Standard of review*

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing a motion for summary judgment, and all doubt must be resolved in the opponent's favor. *Willis v. Medders*, 00-2507 (La. 12/8/00), 775 So.2d 1049, 1050 (*per curiam*). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880, 882.

*Duty-risk analysis*

To succeed on a claim of negligence in Louisiana, the plaintiff must prove five elements: (1) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) proof that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) proof that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) proof that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the proximate cause/legal cause/scope of

liability/scope of protection/scope of duty element); and (5) proof of actual damages (the damages element). *Vince v. Koontz*, 16-521 (La. App. 5 Cir. 2/8/17), 213 So.3d 448, 455-56, *writ denied*, 17-429 (La. 4/24/17), 221 So.3d 67 (*citing Rando v. Anco Insulations Inc.*, 08-1163 (La. 5/22/09), 16 So.3d 1065, 1086). Therefore, to carry its burden on its motion for summary judgment, State Farm was required to show an absence of factual support for any essential elements of Ms. Desselle's negligence cause of action. State Farm specifically sought summary judgment, in relevant part, on the basis that there was an absence of factual support for the plaintiff's contention that the alleged defect at issue, Mr. Siles' parked and unoccupied truck, was a cause in fact of her alleged fall and resultant injury.

*Cause-in-fact*

In *Roberts v. Benoit*, 605 So.2d 1032, 1042 (La. 1991), the Louisiana Supreme Court explained the third element, "cause-in-fact," of the duty-risk analysis as follows:

> Cause-in-fact is generally a "but for" inquiry; if the plaintiff probably would have not sustained the injuries but for the defendant's substandard conduct, such conduct is a cause-in-fact. Stated differently, the inquiry is "did the defendant contribute to the plaintiff's harm or is the defendant a cause of the plaintiff's harm?"
> An alternative method for determining cause-in-fact, which is generally used when multiple causes are present, is the "substantial factor" test. Under this test, cause-in-fact is found to exist when the defendant's conduct was a "substantial factor" in bringing about plaintiff's harm. Under either method, it is irrelevant in determining cause-in-fact whether the defendant's actions were "lawful, unlawful, intentional, unintentional, negligent or non-negligent." Rather, the cause-in-fact inquiry is a neutral one, free of the entanglements of policy considerations—morality, culpability or responsibility—involved in the duty-risk analysis.

Other Louisiana courts have considered the issue of whether a parked vehicle, without more, can be a cause-in-fact of a pedestrian's injury who was required to walk around it. For example, in *LaCas v. Hartford Acc. & Indem. Co.*, 152 So.2d 644 (La. Ct. App. 1963), the plaintiff sued the owner of a vehicle who had parked near the base of her apartment's stairway, after she slipped and fell and her child

struck the vehicle. Specifically, the plaintiff in that case argued that the act of the defendant, in parking his car so near the base of the stairway, fell below the standard of care required of an average reasonable man, and consisted of actionable negligence when shown to be the proximate cause of the injury to plaintiff's child. The plaintiff also asserted that the injuries to plaintiff's son were caused by the car owner's negligence in parking his vehicle in such a way as to create a hazard for anyone descending the stairs. In affirming the trial court's granting of a summary judgment in favor of the defendant, the Second Circuit reasoned:

> We are of the opinion that Atkins was not negligent in parking his automobile two or three feet from the base of the stairway, and if, arguendo, we assumed such act was an act of negligence, we cannot say it was the procuring, efficient and predominant cause of the injuries suffered by plaintiff's child. Nor do we think that the act of Atkins in parking his car where he did was the necessary antecedent of those injuries. The injuries sustained by plaintiff's child in being struck against Atkins' automobile resulted solely from the act of Mrs. LaCas in slipping and falling on the stairway leading to her own apartment. As the alleged negligence of Atkins in this respect cannot be said to be a proximate cause of the injuries of which plaintiff complains, those allegations afford no basis for liability.

*Id*. at 645.

In *Underwood v. Best W. Westbank, Inc*., 04-243 (La. App. 5 Cir. 8/31/04), 881 So.2d 1271, the plaintiffs alleged that a hotel was negligent for "blocking the ingress and egress of pedestrian traffic" by allowing an employee to illegally park her vehicle in a restricted parking zone, which resulted in Mr. Underwood walking around the car and onto a pedestrian ramp, upon which he slipped. The hotel filed a motion for summary judgment which argued that the plaintiffs could not prove that where the employee parked her vehicle was a cause of Mr. Underwood's accident. Conversely, the Underwoods argued that "the legality and appropriateness of [the hotel employee's] parking of her vehicle in the [vicinity of the accident]" were questions of fact that precluded summary judgment. In affirming the trial court's

ruling that granted summary judgment, this Court found no error in the determination that the plaintiffs had not established that the parked vehicle was a cause-in-fact of Mr. Underwood's injuries. In particular, we noted that Mr. Underwood, in his deposition testimony, identified the cause of his fall as a "slippery ramp," and that the entirety of his testimony did not support his contention that the parked vehicle was a "cause-in-fact" of his fall.

Similar to the plaintiffs' arguments in LaCas and Underwood, supra, Ms. Deselle asserts that, "but for" an obstruction to the school entrance created by Mr. Siles' parked and unattended vehicle, she would not have ultimately sustained her injuries. Even if we were to assume that Mr. Siles' act of parking the car was negligent, there appears to be no issue of material fact that the physical cause of Ms. Deselle's fall was directly attributable to a specific area of uneven ground, which is on property under the control of Gates of Prayer. [3] We find this factor to be similar to the stairway in *LaCas*, and the slippery ramp in Underwood. Ms. Desselle's argument also assumes that her *sole* means of egress into the building at that time, because of Mr. Siles' parked vehicle, was across a non-designated walkway. The record shows, however, this not to be the case. As admitted by Ms. Deselle in her deposition testimony, the route she chose to take in front of Mr. Siles' vehicle, was, in her estimation, the shortest and most convenient way to get into the building. She did not check at the time to see if there were any cars parked behind Mr. Siles blocking the sidewalk in front of the doors, an alternate access point that would not have involved traversing the grassy area. [4]

---

[3] It is not clear from the record whether Gates of Prayer owns or leases the property it occupies. We note, however, that no property owner or lessee was named as a defendant in Ms. Deselle's lawsuit. The record does indicate that Ms. Desselle stated in her deposition that she had filed a worker's compensation claim against Gates of Prayer school in connection with the accident.

[4] Mr. Siles testified in his deposition that there were no vehicles parked behind his at the time he went into the Gates of Prayer building to pick up his daughter. He also identified photographs that he took of the entrance days after the accident, which showed the approximate location of his vehicle at the time of the accident and the stretch of curb and sidewalk that would have been open behind his vehicle. The photographs were introduced as exhibits to his deposition.

*Scope of duty*

As an additional consideration, we look to the fourth, or "scope of duty" element of the duty-risk analysis. In *Lazard v. Foti*, 02-2888 (La. 10/21/03), 859 So.2d 656, 661, the court opined:

> A risk may be found not within the scope of a duty where the circumstances of that injury to the plaintiff could not reasonably be foreseen or anticipated, because there was no ease of association between the risk of that injury and the legal duty. *Hill*, 256 So.2d at 622.

Here, the question presented is whether the injuries sustained by Ms. Desselle were a foreseeable risk in light of the act of negligence alleged in the petition, that Mr. Siles parked his vehicle illegally. Stated another way, did Mr. Siles' duty of care when parking his vehicle in front of Gates of Prayer protect Ms. Desselle from the risk of sustaining injuries by tripping over defects in a non-designated walkway area of the school? After consideration, we do not find Ms. Desselle's accident to be reasonably foreseeable or easily associated with any duty owed by Mr. Siles.[5]

## CONCLUSION

After a *de novo* review of the record, we agree with the trial court's finding that Mr. Siles' parked vehicle was not a cause-in-fact of Ms. Desselle's trip and fall on Gates of Prayer's property. We further conclude that Mr. Siles' bore no duty to Ms. Desselles to protect her from the harm that resulted in her injuries. Because Ms. Desselle will be unable at trial to prove two elements of her negligence claim, we find no error in the trial court's ruling that granted summary judgment in favor of the defendants.

---

[5] See, for example, *Lahare v. Valentine Mech. Servs., LLC*, 17-289 (La. App. 5 Cir. 6/29/17), 223 So.3d 773.

Accordingly, for the foregoing reasons, the judgment granting State Farm's motion to strike is reversed, and the judgment granting the motion for summary judgment is affirmed.

**<u>REVERSED IN PART; AFFIRMED IN PART</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



FIFTH CIRCUIT
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JUNE 8, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**21-CA-553**

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE MICHAEL P. MENTZ (DISTRICT JUDGE)
JOSEPH S. PIACUN (APPELLANT)          MATTHEW A. MANG (APPELLEE)

### MAILED

REID S. UZEE (APPELLANT)              VICTORIA H. FABRE (APPELLEE)
ATTORNEY AT LAW                       ATTORNEY AT LAW
1340 POYDRAS STREET                   400 POYDRAS STREET
SUITE 2100                            SUITE 2300
NEW ORLEANS, LA 70112                 NEW ORLEANS, LA 70130